# Birmingham Railway, Light & Power Co. v. Wiggins.

*Injury to Passenger.*

(Decided Jan. 12, 1911.    54 South. 189.)

1. *Witnesses; Examination; Discretion.*—It is within the discretion of the trial court to exclude questions as being leading or argumentative.

2. *Same; Propriety of Questions.*—Suggestive leading or argumentative questions should not be allowed on direct examination, but whether particular questions violate this rule is largely within the discretion of the trial court and not revisable on appeal.

3. *Street Railways; Passengers; Instructions.*—A charge asserting that if plaintiff while attempting to board defendant's car as a passenger, was injured as a proximate consequence of the negligence of the agents in charge of the car, she could recover whether confined to her bed or not, was not erroneously given in the absence of a request for more specific instructions.

4. *Charge of Court; Issues.*—Where no attempt was made to contradict the testimony, it was not error to refuse to instruct that any contradictory statement made by plaintiff as to a material fact, could be considered in determining the weight to be given to her testimony.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Sallie Wiggins against the Birmingham Railway, Light & Power Company for damages for injury to her as a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts disclosed by the record are that plaintiff lived at Lipscomb, in Jefferson county, but was in Bes-

semer on the 5th day of June, 1909, and went to the station to take a car, and when the car came up she attempted to board it, when it started off and threw her to the ground, striking her side on the sidewalk and straining her ankle.

The defendant propounded to its witness McKnight the following questions, to which objections were sustained: (1) "Was there any time, from the time she was a neighbor to you and she had this accident, until when she moved to Lipscomb, was there any time as long as a week that you did not see her over at your house, or at her house?" (2) "After Mrs. Wiggins informed you about the accident, from the time up until the time that she moved away from Lipscomb, state whether or not there was a period as long as a week at any time when you didn't see her." (3) "Did you notice any difference in her appearance during that time?" And the following to the witness Nattie McKnight: "Almost every day, state whether or not she came to your house most every day after that, or whether you went to her house or not."

The following charge was given at the request of the plaintiff: (1) "If the jury believe from the evidence in this case that plaintiff, while attempting to board a car of defendant at Bessemer as a passenger on June 5, 1909, and was injured in any way as a proximate consequence of the negligence of the agents in charge of said car, then they must find for the plaintiff, whether the plaintiff was confined to her bed at all or not."

The following charge was refused to the defendant: (4) "If the jury believe from the evidence in this case that the plaintiff, Mrs. Sallie Wiggins, has made a contradictory statement as to any material facts in evidence in this case, the jury may consider such contradictory statement in determining what weight they will give to the testimony of said Sallie Wiggins."

[Birmingham Railway, Light & Power Co. v. Wiggins.]

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. Counsel discuss the objections interposed to the evidence, but without citation of authority. The court erred in giving the charge requested by the plaintiff.—*So. Ry. v. Hundley,* 151 Ala. 378; *So. Ry. v. McWhorter,* 156 Ala. 283. The court erred in refusing the charge requested by the defendant.—*So. Cotton O. Co. v. Walker,* 51 So. 175; *Bennett v. The State,* 160 Ala. 25; *Hill v. The State,* 122 Ala. 88; *Orr v. The State,* 117 Ala. 69.

W. T. EDWARDS, for appellee. It was within the sound discretion of the trial court to permit or exclude leading or suggestive questions and whether the questions were such was also within the discretion of the court.—*Wesly v. The State,* 52 So. 182; *A. G. S. v. Hill,* 93 Ala. 520; *Anderson v. The State,* 104 Ala. 86. Counsel discuss the charges assigned as error, but without citation of authority.

MAYFIELD, J.—Appellee, as a passenger, sued appellant, as a common carrier, to recover damages for personal injuries suffered by her in consequence of being thrown from one of appellant's cars which she was attempting to board; such injuries being ascribed to the alleged negligence of the servants of appellant in charge of the car. The trial resulted in verdict and judgment for the plaintiff for $400. From such judgment this appeal is prosecuted.

The first four assignments of error go to the rulings of the trial court in sustaining objections to questions propounded by defendant to its own witnesses on the direct examination. There was no revisable error in any of these rulings. The court could have allowed or refused any of them without committing a reversible error. The questions were within the sound discretion

of the trial court because either leading or argumentative in their nature; some of them being highly so. The effect of an examination such as was indicated by these questions was either to suggest to the witness the answer desired; or, the facts being stated, to have the witness answer questions so as to argue the facts to the jury. It is a rule of evidence that questions on the direct examination of witnesses which are suggestive, leading, or argumentative, should not be allowed. The reason of the rule, Mr. Best says, is (1).: That the witness has a bias in favor of the party introducing him; (2) that the party calling the witness has the advantage of knowing in advance what the witness will prove, and, if allowed to lead the witness or to suggest answers, he would thus be allowed to extract only so much of the testimony as would be favorable to his side and so prevent the witness from testifying, in accordance with his oath, to "the truth and the whole truth"; and, further, that such a mode of examination may suggest, and the witness (unwittingly or by connivance) may assent to or repeat, a form of words which does not represent the witness' real and unaided belief. Whether particular questions violate this rule is usually and properly said to be a matter within the sound discretion of the trial court and not revisable on appeal.—*Bivins v. Pope,* 7 Ala. 374; *Sayre v. Durwood,* 35 Ala. 247; *Gassenheimer v. State,* 52 Ala. 317.

There was no error in the giving of charge 1, as requested by plaintiff. As applied to the issues and the evidence, it was both correct and proper. If it could be said to be misleading in any of its tendencies, as claimed by appellant, it should have been cured of such tendencies by counter charges by appellant—which was not attempted or requested.

[Stewart v. Sloss-Sheffield Steel & Iron Company.]

The court committed no error in refusing charge 4, requested by appellant. While the identical charge, and charges similar in legal effect, have been repeatedly held proper by this court, and their refusal in many cases held to be reversible error (*Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 175; *Hale v. State,* 122 Ala. 88, 26 South. 236; *Orr's Case,* 117 Ala. 69, 23 South. 696; *Snyder v. State,* 145 Ala. 36, 40 South. 978), yet the charge was properly refused in this instance because abstract. There was no attempt to impeach this witness by the contradictory statements made out of court, nor to show that the witness had testified differently on a former trial; nor do we find any contradictory statements, of this witness, on the trial, as to material matters, sufficiently conflicting to warrant the giving of this charge.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.