# Birmingham Railway, Light & Power Company v. Lide.

## Damage for Injury to Passenger.

(Decided May 30, 1912.   58 South. 990.)

1. *Carriers; Injury to Passengers; Alighting; Jury Question.*—Under the evidence in this case it was a question for the jury whether the injury was caused proximately by the company's negligence in suddenly starting the car or by plaintiff's own contributory negligence.

2. *Same; Instructions.*—Where the action was for injury to an alighting passenger, a charge to find for the company if plaintiff alighted while the car was in motion, was erroneous as preventing recovery if the car was in motion at all, however slight, when plaintiff alighted, and perhaps even though the motion began after plaintiff began to alight.

3. *Same; Variance; Materiality.*—Where the averment was that the action occurred at or near the intersection of 11th Avenue and 24th Street South, Birmingham, Alabama, and the proof was that the accident occurred at 14th Street, there was no fatal variance, it appearing that the cause of action stated in the complaint was identically the one presented by the evidence.

(Mayfield and Sayre, JJ., dissent.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. Lane.

Action by Mrs. Mary W. Lide against the Birmingham Railway, Light & Power Company, for damages for injury to her while a passenger.  There was judgment for defendant, which on motion was set aside, and defendant appeals.  Affirmed.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant.   The court erred in granting plaintiff a new trial as there was no error in giving charges 1, 2, and 8, being the basis for granting the same.—*B. R., L. & P. Co. v. Parker*, 47 South. 138; *B. R., L. & P. Co. v. Moore*, 50 South. 116; *Mobile L. & R. R. Co. v. Bell*,

45 South. 56. There was no data from which the jury could assess any damages, and there was no error in giving charge 5.—*B. R., L. & P. Co. v. Hardin*, 47 South. 327. There was a fatal variance between the allegation and proof as to the place of alighting.—*H. A. & B. v. Maddox*, 100 Ala. 618; *Hood v. Pioneer M. & M. Co.*, 95 Ala. 416; *Sistrunk's Case*, 85 Ala. 352.

BOWMAN, HARSH & BEDDOW, for appellee. The third charge is especially obnoxious, as it is the duty of the conductor to exercise the highest degree of care in regard to his passengers.—*Sweet v. B. R., L. & E. Co.*, 136 Ala. 166; *M. & E. R. R. Co. v. Mallett*, 92 Ala. 209. The conductor was guilty of a wanton disregard of plaintiff's safety.—*B. R., L. & P. Co. v. McGinty*, 48 South. 491. The second charge was faulty.—*Sweet v. B. R. & E. Co.*, *supra; Watkins v. B. R. & E. Co.*, 120 Ala. 147. Charge 4 was misleading.—*A. G. S. v. Dobbs*, 12 South. 775. These are sufficient to justify the court in its action in setting aside the verdict.

SOMERVILLE, J.—Plaintiff sued defendant, a common carrier of passengers, for injuries suffered by her as a passenger while alighting from defendant's car. The complaint alleges that while she "was engaged in or about alighting from said car at a point on said railway, to wit, at or near the intersection of Eleventh avenue and Twenty-Fourth Street South, in Birmingham, Ala., said car was started, jerked, or the speed thereof suddenly increased, and as a proximate consequence thereof plaintiff was thrown or caused to fall," etc.

Plaintiff's testimony was to the effect that, when the car stopped at Fifteenth street, she told the conductor to put her off at Fourteenth street; that as the car ap-

proached Fourteenth street he walked to the front of the car, and, as he did not ring it down, she reminded him again that she wanted to get off there, and he then hurriedly rang it down; that the car was then near the Fourteenth street stopping point; that after the car stopped she left her seat and walked out on the platform past the conductor and proceeded to alight, and just as her foot touched the pavement the car gave a start; and that, her hand still holding onto the car, she was jerked along with it and thrown violently down. The testimony of the conductor, corroborated substantially by the motorman and several pasengers, was that he had rung down the car for plaintiff to get off at Fourteenth street, and that it was slowing down; but, before it had ever stopped, plaintiff went out on the platform and stepped off the car while it was still in motion; that, when he saw she was going to step off, he caught hold of her to prevent it, but it was too late to stop her, and she stepped off and fell; that the car stopped before it got to Fourteenth street, and that he did not ring the car ahead before it stopped.

The court gave a number of written charges requested by defendant, among them the following: "If you believe from the evidence that the plaintiff got off of defendant's car while it was in motion, you must find for the defendant." There was verdict and judgment for the defendant, but the court granted plaintiff's motion for a new trial, and the appeal is from that judgment. The motion for a new trial was grounded on the alleged errors of the court in giving to the jury eight separate written charges, including the charge above recited.

It was open to the jury to believe and accept in toto the narrative of either the plaintiff or the witnesses for the defendant. But it is readily conceivable that they

might have believed some portion of each, thus produc-
ing a sort of composite result by discarding extremes.
For example, they might have believed substantially all
of plaintiff's testimony, and yet been convinced by the
weight of the other evidence that the car had not be-
come entirely stationary when plaintiff got off. The
motion of the car may have been so slow as to have
deceived plaintiff, or at least to have seemingly invited
her safe and easy debarkation. Whether her attempt
was under the circumstances negligent or not, and
whether, if negligent, it and not a jerk or sudden in-
crease in speed proximately caused plaintiff's fall and
injuries, were we think, on the whole evidence, questions
for the jury. And, if there was such a jerk or sudden
increase in speed after the car had become nearly sta-
tionary, and just as plaintiff was getting off, it was for
the jury to say on the whole evidence whether the de-
fendant's agents were therein negligent. The charge
referred to withdrew these questions from the jury and
required a verdict for the defendant if the car was in
motion at all, however slight, when plaintiff alighted;
and perhaps even though the motion began after she
began to alight. We therefore think it was erroneous,
and, being reversible error, the trial court properly
granted the motion for a new trial.

It is argued that, if there was error in giving any of
these charges, it was harmless, because there was a
fatal variance between the complaint and the proof,
entitling defendant to the general affirmative charge as
requested by it in writing. The complaint lays the venue
of the accident, under a videlicet, "at or near the inter-
section of Eleventh avenue and Twenty-Fourth Street
South," while the proof shows it was at or near Four-
teenth street. There was no objection to the evidence,
which was without dispute, that it occurred at Four-

teenth street, and the case was thus treated and tried by both parties. We are therefore satisfied from the record that the cause of action stated in the complaint was identical with the one presented by the evidence, and are of the opinion that the variance complained of cannot be regarded as material. It may sometimes happen that the precise place of the injury is material to such an extent as to constitute a part of the cause of action, and to qualify, if not control, the rights and liabilities of the parties. In such cases even a seemingly slight variance may well be regarded as fatal to the right of recovery.—*Pryor v. Railroad Co.,* 90 Ala. 32, 8 South. 55. On the office and effect of a videlicet, Mr. Greenleaf says: "A videlicit will not avoid a variance, or dispense with exact proof, in an allegation of material matter; nor will the omission of it always create the necessity of proving, precisely as stated, matter which would not otherwise require exact proof. But a party may, in certain cases, impose upon himself the necessity of proving precisely what is stated, if not stated under a videlicet. But in general the allegations of time, place, quantity, quality, and value, when not descriptive of the identity of the subject of the action, will be found immaterial, and need not be proved strictly as alleged. Thus, in trespass to the person, the material fact is the assault and battery; the time and place not being material, unless made so by the nature of the justification, and the manner of pleading."—1 Greenl. on Ev. §§ 60 and 61.

It was not the rule at common law, and it has never been the rule in this state, that every variance is material. Whether in the recent case of *Brannon v. Birmingham, Infra,* 59 South. 63, the plaintiff sued the municipality for personal injuries resulting from a defect at a certain point in a certain street, and there was a

[Birmingham Railway, Light & Power Company v. Lide.]

variance between the complaint and the claim previously filed with the city as to the location of the defect. The variance was held to be fatal in view of the evident purpose for which the claim and description of the injury were required to be filed under section 1275 of the Code, compliance with which is made a condition precedent to the maintenance of the suit. So in the cases of *North Birmingham St. R. Co. v. Calderwood,* 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105, and *H. A. & B. R. Co. v. Maddox,* 100 Ala. 618, 13 South. 615, variances in the locus of the injury were held to be material, the reasons for which are aptly stated by Walker P. J., in *C. of Ga. Ry. Co. v. Thomas,* 1 Ala. App. 267, 55 South. 443, where this subject is discussed somewhat at length, and in accord with the views we have expressed above.

In the instance case the material fact is the negligent starting or jerking of the car while plaintiff was alighting, and we conceive that the duty of defendant to plaintiff in this regard was exactly the same whether she were alighting at Fourteenth street or at Twenty-Fourth street, while traveling on defendant's car along Eleventh avenue, in Birmingham. We, of course, do not mean to say that no variance from the locus described in the complaint would be material, but only that the variance here shown was not material on the facts of this case. And this, we believe, is not in conflict with any of the decisions of this court.

It results that the judgment of the city court granting a new trial to plaintiff was without error, and must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur. MAYFIELD and SAYRE, JJ., dissent.