# B'ham Ry. L. & P. Co. *v.* Glenn.

## *Injury to Passenger.*

(Decided November 21, 1912. 60 South. 111.)

1. *Carrier; Injury to Passenger; Profane or Insulting Language; Damages.*—Independent of other personal injuries, damages may be recovered by a female passenger for mental suffering from fright and shock due to profane, abusive and insulting language used in her presence by an employee of the defendant.

2. *Same.*—While it is not every epithet that is abusive or insulting to a person to whom it is addressed that will constitute an actionable injury, when spoken in the hearing or presence of a female passenger, yet the speaking of language which by common consent among civilized people is regarded as vulgar, coarse, immodest and offensive to ordinary female sensibilities, or disrespectful to the female presence, will not be tolerated by the carrier's servants or others, and if indulged in the presence of and hearing of a female passenger become actionable.

3. *Same; Female Passenger; Protection.*—Under the rule that a carrier is bound to protect a female passenger from avoidable insult and discomfort, from indignities and personal violence, it is immaterial from what source the disturbance comes or is threatened whether from another passenger, from a trespasser or stranger, or from another servant of the carrier, or the particular servant on whom the duty of protection peculiarly rests.

4. *Same; Variance.*—Where the complaint alleged that offensive language was used in plaintiff's presence by the conductor of a trailer on which plaintiff was riding it was immaterial that the evidence showed that the language was used by the conductor of the motor car to which the trailer was attached, and hence did not constitute variance.

5. *Same; Venue.*—Where the venue of the offense was placed at East Lake and the evidence showed that it was at the loop at East Lake and that the station designated as East Lake was at another point the variance was immaterial.

6. *Same; Mental Distress; Evidence.*—Whether or not, plaintiff, a female passenger suffered mental distress in consequence of alleged offensive language used by the conductor of the defendant, was an inferential fact, to be gathered by the jury from the nature of the language used and the circumstances of the case, it not being required nor permitted to produce direct proof.

7. *Same; Alighting.*—Where a complaint alleged that plaintiff, a passenger, was thrown down and injured while engaged in alighting, the term "engaged in alighting" includes all the acts of the passenger transpiring from the moment the passenger arises for that purpose until he gets clear of the car, provided there is no interruption of his passage.

8. *Same; Complaint.*—A complaint alleging that the passenger was engaged in or about alighting from a car is sufficiently broad in the significance of the words used to cover the entire passage from the car from beginning to end.

9. *Same; Punitive Damages.*—Where the action was for injury to a female passenger as she was attempting to alight caused by the sudden jerking of the car and her husband testified that when he remonstrated with the conductor about jerking the car the latter replied, "G— D— you, I am running this car," the proof was sufficient to justify submitting to the jury the issue of punitive damages.

10. *Evidence; Res Gestae.*—Where the action was for injuries to plaintiff by being thrown down by a sudden jerk of a street car as she was attempting to alight, evidence as to the position of the husband of the plaintiff and the effect of the jerk on him was a part of the res gestae and admissible as such.

11. *Same; Time; Comparison.*—Where the action was for injuries to a passenger while endeavoring to alight, evidence that the car on the occasion specified did not stop long enough for a person sitting in the car to get to the side and get down and out was in effect a comparison of two periods of time, and not objectionable as stating a conclusion.

12. *Witnesses; Bias; Examination.*—Although social or business, as well as family relations, existing between a witness and the party who calls him, may be shown as bearing on his veracity or bias, the nature of any particular or isolated business transaction between such parties is not admissible; and where the court allowed a witness to testify that he had had business relations with plaintiff, it properly excluded a further question as to the nature of such business and the particular occasion.

13. *Charge of Court; Credibility of Witnesses.*—Where impeaching and discrediting evidence has been offered, a charge asserting that in determining the credit to be given to the testimony of a witness, the jury might consider the friendship, if any, shown by the evidence, that the witness had for one of the parties; and also stating that if the jury was satisfied that plaintiff had made a contradictory

statement about a material fact in the case they could consider such statement in determining what weight they would give to her evidence was erroneously refused.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Mrs. Alice Glenn against the Birmingham Railway Light & Power Company for damage and injury suffered while a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW and CHAS. E. RICE, for appellant. The first count of the complaint as originally filed was demurrable on the authority of *Birmingham R. L. & P. Co. v. Weathers,* 51 South. 303. The count was not cured by the amendment. The third count was also subject to the demurrer interposed.—*W. U. Tel. Co. v. Wilson,* 92 Ala. 32; *W. U. Tel. Co. v. Krichbaum,* 132 Ala. 532; *W. U. Tel. Co. v. Blocker,* 138 Ala. 434; *W. U. Tel. Co. v. Waters,* 139 Ala. 652; 36 Am. Rep. 303; 104 S. W. 551. Counsel discuss the admission of evidence illustrating the nature of the jerk of the car and insist that it was error. It was permissible to show the relation and business connection of the witness Chambers with the plaintiff and her husband.—*A. G. S. R. R. Co. v. Burgess,* 114 Ala. 597; *A. G. S. R. R. Co. v. Johnson,* 128 Ala. 295; *Hall v. The State,* 137 Ala. 415. There was a variance material between the allegation and proof as to the third count and the defendant was therefore entitled to the affirmative charge as to that count.—*B. R. L. & P. Co. v. Brannan,* 132 Ala. 433; *A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 281; *Smith v. Causey,* 28 Ala. 656; *H. A. & B. R. R. Co. v. Maddox,* 100 Ala. 621; *Hood v. Pioneer M. & M. Co.,* 95 Ala. 466; *Sou. Ry. Co. v. Hundley,* 151 Ala. 378. Humiliation and mental pain has never been treated as an independent ground of damage so

as to enable a person to maintain an action for that injury alone.—1 Suther. on Damages, section 1245 and the telegraph cases above cited. On the authorities cited to the proposition that there was a variance between the allegation and proof under the third count it is insisted that the affirmative charge should have been given as to the first count. The sixth charge should have been given.—*A. G. S. R. R. Co. v. Johnson, supra; Hall v. State, supra; A. G. S. R. R. Co. v. Burgess, supra.* The eighth charge should have been given.— *Sou. C. O. Co. v. Walker,* 51 South. 175; *Schneider v. The State,* 145 Ala. 36.

HARSH, BEDDOW & FITTS, for appellee. The complaint was entirely sufficient.—*S. L. & S. F. R. R. Co. v. Cavender,* 54 South. 57; *B. R. L. & P. Co. v. Partridge,* 156 Ala. 251. The third count was good under the authority of *Sou. Ry. Co. v. Lee,* 52 South. 648. The statement as to the time required to get up and leave the car and that the car did not stop long enough was a comparison of periods and not the statement of a conclusion.—*Central of Ga. Ry. Co. v. High,* 121 Ala. 366; *B. M. R. R. Co. v. Harris,* 98 Ala. 327. There was no variance of a material character between the pleading and proof as complained of by the appellant.—*No. B'ham Ry. Co. v. Calloway,* 89 Ala. 252; *Central of Ga. Ry. Co. v. Thomas,* 55 South. 443; *Bates v. The State,* 152 Ala. 77. The charges were requested in bulk or at least it does not appear that each was presented to the court separately and hence all must be good to sustain the assignment.—*Town of Vernon v. Wedgeworth,* 148 Ala. 490; *Verberg v. The State,* 137 Ala. 73. The court properly refused charges six and eight.—*Schneider v. Burke,* 84 Ala. 58; *Sou. Ry. Co. v. Weatherlow,* 164 Ala. 154; *Jones v. The State,* 63 South. 36.

SOMERVILLE, J.—1. The first count of the complaint showed the relation of common carrier and passenger between plaintiff and defendant, and sufficiently alleged the negligence of defendant.—*B. R., L. & P. Co. v. Gonzales,* 61 South. 80; *B. R., L. & P. Co. v. Barrett,* 4 Ala. App. 247, 58 South. 760, and the cases therein cited.

2. The third count shows the same relation, and alleges that, while plaintiff was defendant's passenger on its car at East Lake, its servant or agent on said car, and in charge thereof, wrongfully used profane, abusive, or insulting language in the presence and hearing of plaintiff, as a proximate result of which "plaintiff was greatly humiliated, and suffered great fright and anxiety, and was greatly shocked, and suffered great mental pain and anguish." The trial court overruled defendant's demurrers to this count. Appellant's argument is that the count fails to state a cause of action, because it does not show any damage other than *mental* suffering, for which, standing alone, there can be no recovery. Conceding the sufficiency of the assigned grounds of demurrer (which, however, are very general) to raise this objection, the objection was not valid; for, whatever the rule may be in some other states, it is settled by a former decision of this court that it is an actionable breach of the carrier's duty to negligently permit other passengers to use profane or insulting language in the presence of a female passenger.—*Southern Ry. Co. v. Lee,* 167 Ala. 268, 52 South. 648.

And, indeed, this seems a necessary corollary to the general principle, frequently declared by this court, that carriers "are under the duty of protecting each passenger from avoidable discomfort, and from insult, from indignities, and from personal violence."—*B. R.*

& E. Co. v. Baird, 130 Ala. 334, 344, 30 South. 456, 459 (54 L. R. A. 752, 89 Am. St. Rep. 43). As said by Mc-Clellan, C. J., in that case: "It is not material whence the disturbance of the passenger's peace and comfort and personal security or safety comes or is threatened. It may be from another passenger, or from a trespasser or other stranger, or from another servant of the carrier, or, a fortiori, from the particular servant upon whom the duty of protection peculiarly rests." See, also, Culberson v. Empire Coal Co., 156 Ala. 416, 47 South. 237; Southern Ry. Co. v. Nelson, 148 Ala. 88, 41, South. 1006.

To prescribe the duty of protection from insults and indignities, and yet hold the carrier immune to liability for the only consequence that can ordinarily result therefrom, viz., mental suffering, would be simply a contradiction in terms. That damages are recoverable in such cases, without physical injury, is by no means a novel doctrine, for it is stated with apparent approval, and with the citation of authorities, in 4 Elliott on Railroads (2d Ed.) p. 961.

Of course, it is not every epithet, which is abusive or insulting to the person to whom it is addressed, that would be also insulting to the female in whose hearing it is spoken. But such language as is by common consent among civilized people regarded as vulgar, coarse, immodest, and offensive to ordinary female sensibilities, or disrespectful to the female presence, must neither be tolerated by the carrier's servants in others, nor indulged in by themselves, in the presence or hearing of a female passenger. The rule, and the resulting liability, grow out of the specific contract duty owed by the carrier to its female passengers in this regard, and hence the general rule as to damages for unassociated mental suffering has no application.

We need not determine whether the alternative charge of abusive language renders the count defective. We have already pointed out that language may be abusive with respect to the person to whom it is addressed, and yet not justly offensive to even a female passenger, within the operation of the rule stated. But the demurrer does not specify this objection.

3. Plaintiff's witness, Mrs. Chambers, who was on defendant's car at the time plaintiff was injured, after testifying to a violent jerk of the car after plaintiff rose to her feet to get off, and her fall backwards between two of the seats, was allowed against defendant's objection to state that plaintiff's husband, Mr. Glenn, was then standing on the car steps with his little boy in his arms, and that the car jerked him off with the little boy. As part of the res gestæ of the occurrence, and in some measure illustrative of the character and setting of the alleged jerk, these circumstances were fairly admissible in evidence.

4. Plaintiff's witness, T. H. Chambers, who was also on the car at the time, was allowed against defendant's objection to state that the car did not, on the occasion specified, "stop long enough for a person sitting in the car to get to the side and get down and get off." The objection was that this was but a conclusion of the witness. The statement is, in effect, but a comparison of two periods of time, either of which might be difficult to estimate in minutes or seconds, and the affirmation that the time required for a passenger (any passenger) to get from his seat (any seat) to the ground is longer than was the period of this particular stop. This must be regarded as the statement of a collective fact, although it involves a conclusion also, and its allowance was not reversible error. A strikingly analogous case will be found in *Kroell v. State,* 139 Ala. 1, 12, 36

South. 1025. It may be that the witness was not qualified by observation or experience to state the time ordinarily required by a passenger for a complete debarkation, but the objection did not take this point.

5. Social or business, as well as family, relations existing between a witness and the party who calls him to testify, may always be shown as bearing upon the veracity or bias of the witness. But the nature of any particular and isolated business transaction between the witness and the party is scarcely pertinent to that inquiry, or, if so, its probative value is too problematical to require its admission. In such cases much must be confided to the sound discretion of the trial judge in determining the proper limits of cross-examination. We think the allowance of the question propounded on cross-examination to the witness Chambers, "What kind of business did you have with Mr. Glenn?" referring to a single and particular occasion, was within the discretion of the trial judge, and its rejection not reversible error, especially in view of the fact that it concerned Mr. Glenn, and not the plaintiff, Mrs. Glenn.

6. The testimony of plaintiff, and of her physician, Dr. Guin, was sufficient to carry to the jury the question of the permanence vel non of plaintiff's injuries, and the affirmative charge on that proposition was properly refused to defendant.

7. In support of the third count of the complaint, plaintiff offered testimony tending to show the use of profane language in plaintiff's hearing by a conductor of defendant's car. As is frequently the case, two cars were being operated together. The motor car was in front, with a "trailer" attached to it behind; each having its own conductor. The complaint charges that the offensive language was used by a servant on and in charge of the car on which plaintiff was riding, while

the evidence showed that it was used by the conductor
of the motor car while on that car, and that plaintiff
was riding on the trailer. The two cars were operated
as one, and to all intents and purposes, at least for
the purposes of this count, they may well be treated
as one. The duty of defendant's servants to plaintiff
was in this respect the same, whether they were sta-
tioned on the front car or on the rear car, and the in-
jury to her, if any, was exactly the same. We think
the allegations of the complaint were broad enough to
cover the case made by the evidence, and that, under
our decisions on this subject, there was no material
variance.—*B. R., L. & P. Co. v. Lide,* 177 Ala. 400, 58
South. 990, and cases there cited.

Nor was there any material variance between the
complaint, which placed the venue of this offense "at
East Lake," and the evidence, which showed that it was
"at the loop at East Lake," although the station des-
ignated as East Lage was at another point.—*B. R., L.
& P. Co. v. Lide, supra.*

Whether or not plaintiff suffered mental distress in
consequences of the alleged offensive language was an
inferential fact, to be gathered by the jury from the na-
ture of the language used and the circumstances of the
case. Direct proof was not required, and, indeed, was
not permissible. The general affirmative charge as to
the third count was, therefore, properly refused to de-
fendant.

8. The first count of the complaint charges that
plaintiff was thrown down and injured while engaged
"in or about alighting" from the car. The evidence
shows that the alleged injury occurred very soon—al-
most immediately—after plaintiff arose from her seat
for the purpose of leaving the car. It would seem that
a seated passenger is "engaged in alighting" from the

moment of arising for that purpose until he gets clear of the car, supposing there is no interruption of his passage. But, however this may be, there can be no question but that "in or about" is broad enough, in its ordinary signification, to cover the entire passage from the car from beginning to end. There was no variance here, and the affirmative charge was properly refused to defendant as to the first count.

9. Plaintiff's husband testified that, when he remonstrated with the conductor about jerking the car, the latter replied, "G—— d —— you, I am running this car;" and plaintiff testified that she heard this. If this testimony was true—and the jury might have believed it was—the infliction of punitive damages under the third count was clearly a question for the jury. The general instruction against punitive damages was, therefore, properly refused to defendant.

10. The trial court severally refused to give to the jury the following charges, requested by defendant in writing:

(15) "In determining the credit you will give the testimony of a witness, you may consider the friendship, if any is shown by the evidence, that such witness has for one of the parties to this suit."

(17) "If you are reasonably satisfied from the evidence that Mrs. Alice Glenn has made a contradictory statement about any material fact in this case, then you may consider such contradictory statement in determining what weight you will give the evidence of Mrs. Alice Glenn."

A long line of decisions in this state have recognized and applied the rule of trial practice that charges which single out, and thereby give undue prominence or emphasis to, particular parts of the evidence, are properly rejected by the trial court, although giving

[B'ham Ry. L. & P. Co. v. Glenn.]

them is not erroneous. But it has also been frequently
declared that charges such as these here exhibited be-
long to an exceptional class, and that refusal to so in-
struct the jury on request is such error as to require
the reversal of the judgment. A review of these deci-
sions is unnecessary, and would be unwarranted. They
have marked the distinction stated, and defined the
rights of parties with respect to such instructions, dur-
ing a period of nearly 25 years, and their practical ap-
plication is now well understood by the profession.—
*Smith v. State,* 88 Ala. 73, 77, 7 South. 52; *Harris v.
State,* 96 Ala. 24, 28, 11 South. 255; *Roberts v. State,*
122 Ala. 47, 54, 25 South. 238; *Hale v. State,* 122 Ala.
85, 89, 26 South. 236; *Hammond v. State,* 147 Ala. 79,
89, 41 South. 761; *So. Cotton Oil Co. v. Walker,* 164
Ala. 33, 53, 51 South. 169, 175; *Griffin v. State,* 165 Ala.
29, 46, 50 South. 962. See, also, *Kress v. Lawrence,* 158
Ala. 652, 47 South. 574; *B. R., L. & P. Co. v. Wiggins,*
170 Ala. 540, 54 South. 189.

The principle of these cases is that where particular
evidence is offered for a *particular and limited purpose,*
collateral to the main issue, as in the case of all im-
peaching or discrediting evidence, parties have a right
to have its proper function and its limited operation
presented to the jury by an appropriate instruction.
An inspection of the testimony before the jury shows
that neither of these charges was abstract, and we are
therefore bound to hold that their refusal was rever-
sible error.

Reversed and remanded. All the Justices concur.