(108 So. 619)

## SEABOARD AIR LINE RY. CO. v. SAVAGE.
### (7 Div. 243.)

(Court of Appeals of Alabama. March 16, 1926. Rehearing Denied April 6, 1926.)

**1. Appeal and error ☞1078(1).**

Assignments of error as to which appellant presents no authorities and argument are waived.

**2. Trial ☞260(1).**

No error was committed in refusing requested written charge which was substantially covered by court in his oral charge.

**3. Trial ☞191(2)—Requested charge that jury could consider fact that witnesses had damage suits pending against defendant held properly refused, because it assumed that witnesses had damage suits pending.**

Requested charge that jury, in weighing testimony of any witness, was entitled to take into consideration fact that witness had a damage suit pending against defendant, arising out of same facts and circumstances, *held* properly refused as invading jury's province and misleading, in that it assumed that it had been established that some or all of witnesses had damage suits pending.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action for damages by R. L. Savage against the Seaboard Air Line Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Seaboard Air Line Ry. Co. v. Savage, 214 Ala. 639, 108 So. 620.

The charge made the basis of assignment of error 7 is as follows:

"I charge you gentlemen of the jury, that in weighing the testimony of any witness you are entitled to take into consideration the fact that said witness has a damage suit pending against the defendant, which cause of action arose out of the same facts and circumstances out of which the present suit arose."

Frank B. Embry, of Pell City, and Cabaniss, Johnston, Cocke & Cabaniss and Sumner E. Thomas, all of Birmingham, for appellant.

Defendant was entitled to have the principle stated in charge 7 given to the jury. 38 Cyc. 1279; B. R., L. & P. Co. v. Glenn, 179 Ala. 263, 60 So. 111; Smith v State, 88 Ala. 73, 7 So. 52; Harris v State, 96 Ala. 24, 11 So. 255. Where evidence is clear and undisputed as to a particular fact, such evidence being adduced by the opposite party's own witness, it is not necessary to hypothesize such fact in a requested charge, and the refusal of such charge is error. Bynon v.

State, 117 Ala. 80, 23 So. 640, 67 Am. St. Rep. 163; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Nashville B. & S. Co. v. Ala. B. & M. Co., 211 Ala. 192, 100 So. 132; Montevallo Min. Co. v. Little, 208 Ala. 131, 93 So. 873; Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88.

Starnes & Starnes, of Pell City, for appellee.

Charge 7 was properly refused, for that it assumed a state of facts not clearly shown and undisputed. Ala. Power Co. v. Hines, 207 Ala. 346, 92 So. 611.

SAMFORD, J. [1] While there are eight assignments of error noted in the record, the appellant has only presented authorities and argument as to the 7 and 8, thus waiving all others.

[2] Having read the charge made the basis of assignment of error 8, and considered the same in connection with the court's oral charge as a whole, we find no difficulty in reaching the conclusions that this refused written charge is substantially covered by the court in his oral charge. Not in hæc verba, but in substance and fully, the trial court gave to the jury instructions covering this proposition.

[3] The principle of law laid down in the many adjudicated cases in this and other states that, "Where particular evidence is offered for a particular and limited purpose, collateral to the main issue, * * * parties have a right to have its proper function and its limited operation presented to the jury by an appropriate instruction," is announced in Birmingham Ry., L. & P. Co. v. Glenn, 179 Ala. 263, 60 So. 111. But such charges may not assume a fact to have been proven which would tend to impeach the witness. In the charge made the basis of assignment 7 and here under consideration, it was assumed that the fact had been established by evidence that some or all of the witnesses had damage suits pending against the defendant growing out of the same facts. Whether such witnesses had such suits pending or not was a question which was properly to be determined by the jury, and a charge assuming such fact was an invasion of the jury's province and was misleading. In the two charges quoted in Birmingham Ry., L. & P. Co. v. Glenn, supra, the determination of the fact of interest was left to the jury and in that particular these charges differ from the charge here under consideration. Edwards v. State, 205 Ala. 160, 87 So. 179.

We find no error in the record, and the judgment is affirmed.

Affirmed.