BEATTY, Justice
(dissenting).
Certiorari was granted to determine whether the Court of Criminal Appeals had applied the correct rule of law when that Court had reviewed the trial court’s refusal to give certain requested charges. In affirming this petitioner’s conviction for rape, the Court of Criminal Appeals held that no error resulted in the refusal to give the petitioner’s requested charges because the principles of law contained in them were adequately and substantially covered in the trial court’s oral charge. I disagree with that conclusion and would remand the case to that Court for an order not inconsistent with this opinion.
The record reveals that upon her cross-examination the prosecutrix gave testimony which was inconsistent with answers to the same questions asked her during the preliminary hearing:
Q In fact, none of your female organs were damaged or bruised in any way, were they?
A I don’t know.
Q You don’t know. Are you saying they were, they are not, or what?
A Was they damaged?
Q Yes, ma’am.
A I don’t know whether they were damaged. I tore my knee when I fell out of the car, jumped out of the car.
Q Going to ask you again. I know it’s a delicate question, but were any of your private parts injured or damaged in any way?
A Beg pardon?
Q Were any of your private parts injured or damaged in any way?
A I don’t know.
Q Do you recall at the preliminary hearing I asked you this question. ‘Were any of your private parts injured or damaged in any way.’ Do you remember answering that question?
A Yes.
Q My asking that question?
A Yes.
Q And do you remember answering ‘no’?
A No.
Q You don’t recall that?
A No.
Her lack of recollection was a sufficient predicate for her impeachment, Weaver v. State, 33 Ala.App. 207, 31 So.2d 593 (1947). Petitioner then offered for impeachment purposes the prosecutrix’s prior statement at the preliminary hearing.
*215 Based on the foregoing testimony of the prosecutrix, petitioner requested the trial court to instruct the jury as follows:
Defendant’s Requested Charge No. 7:
The Court charges the jury that if a witness has come upon the stand and testified to a different state of facts here to what he or she testified upon the preliminary trial of defendant had before Judge J. Dawson Britton, you have the right to look to this evidence as evidence tending to impeach the witness who has made such conflicting statements.
Defendant’s Requested Charge No. 8:
The Court charges the jury that if Patricia Brown has come upon the stand and testified to a different state of facts here to what [s]he testified upon in the preliminary hearing of the defendant had before Judge J. Dawson Britton you have the right to look to this evidence as evidence tending to impeach the witness who has made such conflicting statements.
The trial court refused to give these charges. The Court of Criminal Appeals upheld that refusal on the ground that the requested instructions, stating correct principles of law, were covered by that portion of the Court’s oral charge which states:
If you find that some witness has testified to you corruptly and falsely on any material matter you have a right to disregard any or all of that witness’ testimony.
Further, the State contends that the defendant’s requested charges were also covered by that portion of the trial court’s charge which is:
Now, you have heard witnesses testify in this case. It is your duty as jurors to reconcile all of the testimony that you heard to make all of the witnesses speak the truth, because the truth is what you are after in this case. If you find that the testimony is in conflict, then you have a right, ladies and gentlemen, to believe that testimony you deem worthy of belief and disregard that testimony you deem unworthy of belief.
A comparison of the requested charges with the trial court’s oral charge does not convince me that the trial court adequately covered the principles of law set forth in the Requested Charges No. 7 and 8, and the refusal to give those two charges was error.
In Birmingham Ry., Light & Power Co. v. Glenn, 179 Ala. 263, 60 So. 111 (1912), this Court stated that where particular evidence is offered for a particular and limited purpose, collateral to the main issue, as in the case of all impeaching of discrediting evidence, parties have a right to have its proper function and its limited operation presented to the jury by an. appropriate instruction. Such instructions are an exception to the general rule against charges to the jury which give undue prominence or emphasis to particular parts of the evidence. Smith v. State, 88 Ala. 73, 7 So. 52 (1889); Roberts v. State, 122 Ala. 47, 25 So. 238 (1898). Applying the rule of the Glenn case, I fail to see how the proper function of the impeaching or discrediting evidence could have been explained to the jury for that body’s proper application to the facts of this case unless one or the other of these charges had been given. The oral instruction which refers only to testimony which is corrupt or false on any material matter does not ipso facto explain the proper function of impeaching evidence by way of self-contradiction; neither does the reference to the jury’s option to believe or disbelieve certain testimony which is in conflict. In fairness to the accused, the rule of the Glenn case should have been strictly observed. Because it was not observed, the case should have been remanded to the Court of Criminal Appeals.
ALMON and EMBRY, JJ., concur.