## Prewitt *v.* The State.

### Indictment for Assault and Battery.

*Assault and battery on hired county convict.* — The hirer of a convict under sentence of hard labor for the county, has no authority to inflict personal chastisement on him ; and where the whipping is done deliberately, and without sudden provocation, the previous misconduct of the convict is no justification or mitigation of the offence.

FROM the Circuit Court of Lowndes.
Tried before the Hon. JAMES Q. SMITH.

R. M. WILLIAMSON, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The defendant in this case was convicted under an indictment charging him with assaulting and beating Charles Warren. He was sentenced to a fine of three hundred and twenty-five dollars, and to six months imprisonment in the county jail. Charles Warren was under sentence of hard labor for the county, and was hired to the defendant at the time the offence was alleged to have been committed. He was clearly proved to have been tied, and considerably whipped by the defendant with switches. He gave no

[Ex parte Sam.]

such provocation as authorized such treatment, although it is not unlikely he was a very idle and worthless servant, indisposed to work, and fruitful of excuses for not doing so. Nevertheless, his condition as a county convict gave no right to the defendant to whip him. Section 3779 of the Revised Code empowers the court trying the offender, or the court of county commissioners, to confine, chain, or otherwise shackle such person, in specified cases; and sections 3686 and 3687 forbid the infliction of any other or greater punishment than is authorized by law.

The charges of the defendant, which were refused, set up as a defence to the prosecution, or in mitigation of the punishment, the ill-behavior of Warren in mistreating mules, cutting up cotton, and in being turbulent, noisy and profane, for the purpose of irritating the defendant, or provoking him to a difficulty with himself. There was some evidence of such conduct on the part of Warren; but none of the purpose assigned, except his declaration to a witness, " that the best thing he could do would be to get rid of the defendant, and get some other person to hire him, who would treat him better than to give him no clothing, and no medicine when sick, and to compel him to work when sick." The defendant did the whipping very deliberately, after taking Warren, who made no resistance, into a room, and tying him. He had no provocation, at the time, calculated to excite sudden passion. As he had no right to do the whipping, the charges were inapplicable as justification, and abstract as to mitigation of the punishment.

The judgment is affirmed.