# Vann *v.* The State.

*Indictment for Selling Spirituous, Vinous or Malt Liquors without License.*

1. *Indictment for retailing liquors without icense; admissibility of evidence.*—On a trial under an indictment for retailing spirituous liquors without a license, a witness for the State testified that he bought a pint of alcohol from the defendant at a certain place, and that two other named witnesses came up to where he was purchasing the alcohol from the defendant just as it was completed, and they discussed buying whiskey from the defendant. On cross-examination of this w-tness, it was shown that he and the other two named persons were witnesses against the defendant in this cause before the grand jury. Thereupon the defendant asked said witness if he was not convicted for selling liquor without a license in the United States Court and the defendant in the present case was the witness who testified against him, and that while that case

[Vann v. The State.]

was pending against him, if he and the other two persons named by him as being present at the time he purchased the alcohol from the defendant, did not go before the grand jury and procure this indictment against the defendant. *Held*: That it was not error for the court to reruse to allow such question to be answered, since it assumed, in the absence of any evidence of the fact, that the prosecution in the Federal Court was against the other named persons jointly with said witness.

2. *Trial and its incidents; right to recall witness.*—It is within the court's discretion to deny the defendant in a criminal case the right to recall a witness introduced by the State, for the purpose of laying a predicate for his impeachment; and such ruling is not reviewaᵤᵢe.

3. *Indictment for retailing liquor; admissibility of evidence.*—On a trial under an indictment for retailing spirituous liquor without a license, it is permissible for the defendant to prove by the witness that he went with the defendant to the place where the sale is alleged to have been made, and thaᴛ the defendant did not carry any whiskey or spirituous liquors with him to said place; and it is error for the court to exclude such proposed testimony.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. A. A. EVANS.

The appellant in this case, Hayden Vann, was tried and convicted under an indictment which charged that he "sold spirituous, vinous or malt liquors without a license and contrary to law."

After the State had introduced Oscar Ellis, Andrew Glover and Ellis Glover as witnesses, and they had left the witness stand, the defendant requested that each of said witnesses be brought back on the stand, the purpose being to lay a predicate for the impeachment of each of said witnesses. The State objected to the said witnesses being re-introduced, unless each of them should go upon the stand as a witness for the defendant. The court sustained each of the objections, and to each of these rulings the defendant separately excepted.

The other facts of the case showing the rulings of the trial court, which are reviewed on the present appeal, are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Carpenter v. State,* 98 Ala. 31; *McCormack v. State,* 102 Ala. 156; *Griffith v. State,* 90 Ala. 583; *White v. State,* 87 Ala. 24; *Crawford v. State,* 112 Ala. 1; *Phoenix Ins. Co. v. Moog,* 78 Ala. 284.

McCLELLAN, C. J.—Indictment for retailing alcoholic liquor without a license. Andrew Glover, a witness for the State, testified that he bought a pint of alcohol from the defendant at the house of one Weems on the occasion of a negro frolic there, and that Oscar Ellis and Ellis Glover came up to the place—behind Weem's house—where he and defendant were just as he completed his purchase and was going away, and "he left them while they were discussing buying whiskey from the defendant." On cross-examination the defendant drew out from this witness that he and Oscar Ellis and Ellis Glover were witnesses against the defendant in this cause before the grand jury; and thereupon defendant asked this witness, Andrew Glover, "If he was not convicted of selling liquor without a license in the United States Court, and that Hayden Vann [this defendant] was the witness who testified against him, and that while this case was pending against him, Oscar Ellis and Ellis Glover in the United States Court, they all three went before the grand jury and procured this indictment against the defendant?" This question assumes, in the absence of and without itself calling for any evidence of the fact, that the prosecution in the federal court was against Oscar Ellis and Ellis Glover jointly with the witness, Andrew Glover. Its purpose is to show ill will on the part of the witness toward defendant, and a combination between him, the other Glover and Ellis to hatch up this charge against the defendant; but it does not offer nor is it sought by this question to be made to appear, nor is it even assumed that this defendant had testified against the other Glover or Ellis in the United States court. Neither Ellis Glover nor Oscar Ellis had testified in this case

[Vann v. The State.]

when this question, or these questions rather were propounded to Andrew Glover. It was not shown at any stage of the case that the witness was connected in any way with these persons. On the state of the case existing when this witness was being cross-examined our opinion, therefore, is, that so much of the question as sought to elicit the fact that Oscar Ellis and Ellis Glover went before the grand jury and testified against the defendant in respect of this alleged sale of alcohol was impertinent. Of course, it would have been competent to elicit from the witness that he and Oscar Ellis and Ellis Glover had been tried and convicted in the federal court for selling whiskey without license, that Vann had been the witness against them all, and that they had afterwards gone before the grand jury and preferred this charge against Vann, but the court did not err in disallowing the question, or the several questions put as one, to him in this connection.

It was within the court's discretion to deny the defendant the right to recall the witnesses Ellis and the Glovers for the purpose of laying a predicate for their impeachment, and this was the essence and effect of the ruling in that connection.

The court erred, however, in excluding the proposed testimony of the witness Richardson that "he was with the defendant when the defendant went to the negro party at Weems' and that defendant did not carry any whiskey or alcohol with him to said place." The evidence was in conflict as to whether defendant sold whiskey or alcohol while at Weems'. The fact that when going there on the occasion in question he carried no liquor with him, afforded some basis for an inference by the jury that he had no liquor there, and hence sold none, since it would have been natural for him to have carried it with him had he proposed doing what he is charged with having done. Of course, he might well have had whiskey there and sold it without carrying it there himself when going there with Richardson, still his not then carrying it was a pertinent circumstance favorable to him, and evidence of it should have been received.

Reversed and remanded.