# Hearn v. The State.

## Larceny.

(Decided Jan. 12, 1909. 48 South. 344.)

*Larceny; Variance Between Allegation and Proof.*—Where the indictment charged that the property taken was the property of the Montgomery Street Railway, a corporation, and the evidence showed that it was the property of the Montgomery Traction Company, and there was nothing to show a connection between the two, the variance was fatal.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Albert Hearn was convicted of the larceny of certain coppers, and he appeals. Reversed and remanded.

HILL, HILL & WHITING, for appellant. There is a fatal variance between the allegations of the indictment and the proof. The indictment charged the ownership of the wire as being in the Montgomery Street Railway, and the proof showed that it was the property of the Montgomery Traction Company.—*Gilmore v. The State,* 99 Ala. 158; *Stone v. The State,* 115 Ala. 121; Secs. 7155-7156, Code 1907. Counsel discuss assignments of error as to the admission and exclusion of testimony, with citation of authority.

[Echols v. The State.]

ALEXANDER M. GARBER, Attorney-General, for the State. Counsel discuss the assignments of error relative to the admission and exclusion of evidence with citation of authority, but does not discuss the point decided.

McCLELLAN, J.—The indictment avers the property, alleged to have been larcenously taken, to have been that of the "Montgomery Street Railway, a corporation." The evidence shows, without dispute, that the property involved was that of the Montgomery Traction Company. There is no testimony tending to connect the "Montgomery Street Railway, a corporation," with the subject of the alleged larceny, nor to show the identity of the two entities. The variance present between the allegation of ownership of the property and the proof thereof is, of course, fatal.

The affirmative charge requested for the defendant should have been given. It is unnecessary to treat other exceptions reserved. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, ANDERSON, and DENSON, JJ., concur.