# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1914-15

## De Wyre *v.* The State.

*Murder.*

(Decided December 17, 1914. Rehearing denied January 21, 1915. 67 South. 577.)

1. *Appeal and Error; Review; Presentation; Abatement.*—Where the only indication of a plea in abatement was the recital that one was interposed and made before a prior trial, the alleged error for failure to dispose of defendant's plea in abatement before trial on the merits cannot be considered on appeal; there being no such plea in the record, and no indication that the plea was insisted on.

2. *Same; Harmless Error; Special Venire.*—There was no error in giving defendant a special venire from which to select a jury for his trial, or if error, was harmless under rule 45, Supreme Court Practice; the facts being that defendant was acquitted of murder in the first degree by a conviction of murder in the second degree, and on reversal the case stood for trial as a capital felony until defendant interposed the plea of former jeopardy, or former acquittal, after which it was not a capital felony.

3. *Charge of Court; Character; Reasonable Doubt.*—A charge asserting that defendant's good character alone when taken in connection with all the other evidence in the case, will generate a reasonable doubt of defendant's guilt, was rendered misleading by the use of the word "alone."

4. *Same; Good Character.*—A charge that the good character of de fendant established by the evidence in the case to the satisfaction of the jury may be sufficient to authorize an acquittal, pretermitted proof of good character in connection with the evidence, and was therefore erroneous.

5. *Charge of Court; Character; Reasonable Doubt.*—A charge asserting that under the uncontradicted evidence defendant was a man of good character, stated a fact and not a rule of law, and was properly refused.

1—190

6. *Same; Covered by Those Given.*—Where the refused instruction was fully covered by other instructions given at the request of a defendant, error cannot be predicated upon such refusal.

7. *Homicide; Self-Defense; Instructions.*—A charge asserting that under the facts in this case defendant was under no obligation or duty to retreat, as a matter of law, but had the right to stand his ground, and if free from fault in bringing on the difficulty, and if, from the evidence the jury believed that from the conduct of the deceased, he was reasonably impressed with an honest and reasonable belief that deceased was about to shoot and kill him, or to do him great bodily harm, he would have the right to defend himself, even to the taking of the life of deceased, and in so doing would be innocent of any violation of the law, relieved defendant as a matter of law of the duty to retreat in a case where the killing did not occur where defendant was under no duty to retreat.

8. *Same.*—A charge asserting that defendant is not allowed to swear, or to introduce testimony other than the facts, to show that he had reasonable grounds to apprehend danger at the hands of deceased at the time he fired the fatal shot, and therefore the jury are authorized from all the facts and circumstances in the case, and from their common knowledge of human affairs, to determine from all the facts and circumstances proven, including the conduct of the parties as shown by the testimony and other material facts shown by the evidence, whether or not defendant at the time he fired the fatal shot had reason to apprehend an attack by deceased, or had reason to apprehend danger to his life, or great bodily harm at the hands of deceased, was properly refused.

9. *Same.*—A charge requested on the theory of self-defense, that defendant was not obliged to retreat because the attack was at his place of business, was refused without error where the attack did not in fact, occur there.

10. *Same.*—A charge asserting that if from all the facts and circumstances as they reasonably appeared to defendant at the time of the fatal difficulty, there was danger, either real or apparent, to him at the hands of deceased immediately before he was shot, and if the jury believe from the evidence that defendant was free from fault in bringing on the difficulty, then I charge you, as matter of law, that defendant had the right to act on appearances, even though you might believe further from the evidence that, as a matter of fact, the appearance of danger was not real, but only apparent, pretermitted a bona fide belief by defendant that he was in danger, and was therefore bad.

11. *Same.*—A charge which merely invoked the idea that defendant need not retreat if he could not do so without increasing his peril, but which authorized him to stand his ground and defend himself with force, whether or not he was at fault in bringing on the difficulty was properly refused.

12. *Same; Malice.*—A charge asserting that where the attending circumstances of the killing are shown in detail, if some of the circumstances tend to disprove the presence of a purpose to kill, the mere fact that death was caused by the use of a deadly weapon does not raise the presumption of malice, but the question of whether or not malice existed must be determined from all the facts and cir-

[De Wyre v. The State.]

cumstances in the case, was not only misleading, but invasive of the province of the jury as well.

13. *Same.*—Charges asserting that malice is a condition of the mind which shows a heart regardless of social duties and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken, and it consists of the dictates of a wicked, depraved, and malignant heart, and a corrupt motive; also, malice means an intent to do such bodily harm as may produce death, without mitigating facts or justifying circumstances, or a formed design to do such mischief as may endanger life, or an intent of the mind and heart which prompts the doing of a wrongful act without justification, fraud or excuse, in the absence of anything which reduces the grade of the crime, etc., are argumentative and misleading.

14. *Same; Self-Defense.*—A charge asserting that the burden is on the state to show that defendant was not free from fault in provoking or encouraging the fatal difficulty, if defendant has shown that the killing was done by defendant when he was apparently in imminent danger to his own life, from which there was no reasonable mode of escape without increasing his danger, pretermitted the necessary requirement that a defendant must entertain a reasonable or bona fide belief that he was in danger.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

George De Wyre was convicted of murder in the second degree, and sentenced to 35 years in the penitentiary, and he appeals. Affirmed.

The following charges were refused to defendant:

(16) Defendant's good character alone, when taken in connection with all the other evidence in the case, if proven to your satisfaction, may generate a reasonable doubt of defendant's guilt, and demand an acquittal at your hands.

(17) The good character of defendant, if established by the evidence in this case to your satisfaction, may be sufficient to authorize an acquittal.

(40) Under the uncontradicted evidence in this case, the defendant is a man of general good character.

(41) Same as 40.

(22) Defendant is not allowed to swear or to introduce testimony other than the facts to show that he had reasonable grounds to apprehend danger at the

hands of deceased at the time he fired the fatal shot, and therefore the jury are authorized from all the facts and circumstances in this case, and from their common knowledge of human affairs to determine from all the facts and circumstances proven, including the conduct of the parties as shown by the evidence, whether or not at the time he fired the fatal shot he had reason to apprehend an attack by deceased, or had reason to apprehend danger to his life, or great bodily harm at the hands of deceased.

(23) I charge you that the law does not require a defendant to retreat if attacked at his place of employment, and, if he was so attacked, or was about to be so attacked, he could defend himself with such force as was reasonable and proper under all circumstances of the case provided he was free from fault in bringing on the difficulty.

(24) Under the facts in this case, defendant was under no obligation or duty, as a matter of law, to retreat, but had the right to stand his ground, and, if free from fault in bringing on the difficulty, and if from all the evidence you believe that from the conduct of deceased he was reasonably impressed with an honest and reasonable belief that deceased was about to shoot him and kill him, or to do him great bodily harm, he would have the right to defend himself, even to the taking of the life of deceased, and in so doing would be innocent of any violation of the law.

(25) From all the facts and circumstances as they reasonably appear to defendant at the time of the fatal difficulty, there was danger either real or apparent to him at the hands of deceased immediately before he was shot, and if you believe from the evidence that defendant was free from fault in bringing on the difficulty, then I charge you, as a matter of law, that de-

[De Wyre v. The State.]

fendant had a right to act on appearances, even though you may further believe from the evidence that, as a matter of fact, the appearance of danger was not real but only apparent.

(28) Where the attending circumstances of the killing are shown in detail (as in this case), if some of the circumstances tend to disprove the presence of malice or purpose to kill, the mere fact that death was caused by the use of a deadly weapon does not raise the presumption of malice, but the question of whether or not malice existed must be determined from all the facts and circumstances in the case.

(33) Malice is a condition of mind which shows a heart regardless of social duties and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken, and it consists of the dictates of a wicked, depraved, and malignant heart and a corrupt motive.

(34) Malice means an intent to do such bodily harm as may produce death, without mitigating facts or justifying circumstances, or a formed design to do such mischief as may endanger life, or an intent of the mind and heart which prompts the doing of a wrongful act without justification, fraud, or excuse, in the absence of anything which reduces the grade of the crime.

(35) Malice means that condition of the mind which prompts one person to take the life of another person without just cause or justification, signifying a heart regardless of social duties and fatally bent upon mischief.

(36) and (37) Affirmative charge for defendant.

(39) The burden of proof in this case is on the state to satisfy the jury beyond a reasonable doubt of every material fact included or charged in the indictment,

and, if the state has failed to do so, you cannot find defendant guilty.

(43) The burden is on the state to show that defendant was not free from fault in provoking or encouraging the fatal difficulty, if defendant has shown that the killing was done by defendant when he was apparently in imminent danger to his own life from which there was not reasonable mode of escape without increasing the danger.

ALLEN & BELL, for appellant.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, assistant Attorney General, for the State.

ANDERSON, J. —(1) Counsel for the appellant, in their brief, insist upon error because the defendant's plea in abatement was not disposed of before he was put to trial upon the merits of the case. We find no plea in abatement in the record, and the only thing to indicate that one was interposed is a recital in the judgment entry of May 28, 1910, that one was interposed. The case was subsequently tried, and there is nothing to indicate that the plea was pressed or insisted upon, or that the defendant objected to the trial upon the merits until said plea was disposed of by the trial court. The defendant was then tried and convicted, and the judgment was reversed by the Court of Appeals, and we find no plea in abatement upon the second trial, and which is the one from which this appeal was taken. There is no merit in this point.

(2) Although the defendant was acquitted of murder in the first degree, and was convicted of murder in the second degree, yet, when said case is reversed, it stood as a capital case, and was properly treated as

[De Wyre v. The State.]

such until the defendant interposed his special plea of former jeopardy, and it was properly regarded as a capital case when first set down for trial, and when the jury was drawn for the trial of capital cases. The plea of former jeopardy was not interposed until February 9, 1914, the day set for the trial. It is true that, when said plea was on said day confessed by the state the case ceased to be a capital case, and the defendant was not, as a matter of law, entitled to a special venire, and the trial court could have reset it for another time, and tried it before a regular jury as any other ordinary felony, without committing reversible error; but, as the case had been set down for hearing, and the witnesses subpœnaed for said date, it would have been a useless trouble and expense to have reset the case, and we cannot conceive of any injury to the defendant in giving him the benefit of the special venire from which to select the jury to try him, instead of confining him to the regular jury for said subsequent week, notwithstanding he was not entitled, under the law and as matter of right, to a special venire. We think that it can be safely said that this action of the court, if error, but which we do not decide, was error without injury, and think that this is a fit question for the application of rule 45, which will be found in 175 Ala. xxi, 61 South. ix, and which is as follows: "Rule 45. Reversals; New Trial; Error Without Injury. Hereafter no judgment will be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken, or applica-

tion is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

(3) Charge 16, refused the defendant, was calculated to mislead by the use of the word "alone," which said word did not appear in the charges approved in the case of *Taylor v. State*, 149 Ala. 32, 49 South. 966, and *Bryant v. State*, 116 Ala. 445, 23 South. 40.

(4, 5) Charge 17 pretermitted proof of good character in connection with the other evidence. Moreover, if these two charges were not subject to the vice assigned, the refusal of same would not be reversible error, as the defendant got the full benefit of the legal effect of good character in his given charges 15 and 42.

(6) There was not error in refusing the defendant the requested charges 40 and 41. They assert no principle of law, and single out a certain part of the evidence. It may be true that a charge upon the legal effect of good character is countenanced, and is an exception to the rule as to singling out the evidence, but these charges do not attempt to define the legal rules as to the consideration of the evidence of good character; they simply state the fact that the defendant had a good character under the evidence.

(7) Charge 22 was palpably bad.

(8) Charge 24, if not otherwise bad, relieved the defendant, as matter of law, of the duty to retreat. The killing did not occur upon the premises of the defendant or any other place where he was under no duty to retreat; it occurred on the side of the railroad, where the deceased had as much right to be as the defendant, and after both of them had left their places of duty.

[De Wyre v. The State.]

(9) Charge 23, if not otherwise bad, hypothesized the attack at the defendant's place of business, when such was not the case.

(10) Charge 25, refused the defendant, was bad. If not otherwise faulty, it pretermitted a bona fide or reasonable belief on the part of the defendant that he was in danger, and which said omission differentiates it from charge 1 approved in the case of *Kennedy v. State,* 140 Ala. 1, 37 South. 90.

(11) Charge 26, if not otherwise bad, pretermits the defendant's freedom from fault in provoking the difficulty. It does not merely invoke the idea that he need not retreat if he cannot do so without increasing his peril, but authorizes him to stand his ground and defend himself with force whether he was at fault in bringing on the difficulty or not.

(12) Charge 28 invaded the province of the jury, and was also misleading.

(13) There was no error in refusing charges 33, 34, and 35. It is true that malice is an ingredient of murder, and a defendant ought to have it defined to the jury, when upon trial for murder, as applicable to murder, but it is not every definition of malice generally, or excerpt from a text-book or opinion in defining and discussing the same, that would constitute a proper charge. The charges in question are argumentative or misleading, and do not conform to the definition of malice as an ingredient to murder as set out in the case of *Cribbs v. State,* 86 Ala. 613, 6 South. 109, and which seems to have been taken from the case of *Hadley v. State,* 55 Ala. 31.

The defendant was clearly not entitled to charges 36 and 37.

Whether charge 39 is or is not correct, it was sufficiently covered by the defendant's given charges.

[Autrey v. The State.]

(14) There was no error in refusing charge 43. It is true that the burden is upon the state to show that the defendant was not free from fault in provoking the difficulty after he establishes the other elements of self-defense, and it is also true that he has the right to act upon appearances, but he must entertain a reasonable or bona fide belief that he was in danger, and which said belief is pretermitted by this charge.

Each objection and exception to the ruling upon the evidence has been examined and considered, and none of them constitute reversible error, and it can serve no good purpose to incumber this opinion with a discussion of same.

The judgment of the criminal court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.