## HALL v. STATE. (8 Div. 19.)

(Court of Appeals of Alabama. May 8, 1923.)

**1. Criminal law ⊗═⊃695(2)—General objection to evidence not patently illegal held insufficient.**

In a prosecution for assault with intent to murder, where the state's evidence tended to show that defendant went to his brother's home and provoked a difficulty with and assaulted him, and then assaulted the brother's wife, evidence of which was not patently illegal and incompetent, a general objection interposed thereto was not sufficient.

**2. Criminal law ⊗═⊃365(1)—Evidence of attack on wife at time of assault on her husband held part of res gestæ.**

In a prosecution for assault with intent to murder, state's evidence that defendant went to the home of his brother and provoked a difficulty with him, and that the brother's wife interceded, and after defendant "finished" with the brother he turned on the wife, cursed, threatened to kill, and struck her on the head,

and knocked her down, was admissible as part of the res gestæ, the fight with the brother and attack on the wife occurring at the same time and place.

3. Witnesses &#8658;287(3)—Permitting witness to explain on redirect statements made on cross-examination held proper.

In a prosecution for assault with intent to murder, where state's witness on cross-examination was asked if she did not state to another at a certain time and place that she struck the wife of the victim of the assault at the time of the fight between defendant and the victim, which she answered in the affirmative, it was not error to permit witness on redirect examination to explain that defendant had threatened to kill her if she did not make such statement.

4. Criminal law &#8658;396(2)—Part of conversation being relied on by one party, other party may call for all of such conversation.

Where one party calls for part of a conversation it is competent for the other party to call for all that was said in that conversation.

5. Witnesses &#8658;45(2)—Permitting child of 8 years to testify held not error.

In a prosecution for assault with intent to murder, where an 8 year old girl on her voir dire as a witness showed that she had received religious instructions sufficient to enable her to understand the obligation of an oath and the consequences of a falsehood, and had sufficient intelligence to testify as a witness, there was no error in so permitting her to testify.

6. Witnesses &#8658;40(1)—Twelve year old boy held competent to testify.

In a criminal prosecution, there was no error in holding that a 12 year old boy was competent as a witness.

7. Witnesses &#8658;389—Refusal to permit witness to testify that state witness made a statement, which state witness admitted she had made, held not error.

Court did not err in refusing to permit witness to testify that state's witness made a certain statement contradictory to her testimony, where the state's witness admitted having made such statement on cross-examination.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Erwin Hall was convicted of assault with intent to murder, and he appeals. Affirmed.

Chas. T. Grimmett, of Huntsville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no error in the record.

FOSTER, J. The defendant, appellant, was convicted of assault with intent to murder.

[1] The state's evidence tended to show that the defendant went to the home of his brother, Emmet Hall, and provoked a difficulty with him; that Ina Hall, Emmet's wife, was there, and begged defendant to stop beating Emmet and leave; that after "finishing" with Emmet, defendant turned upon Ina Hall, cursed her, threatened to kill her, struck her on the head several blows with a hoe handle and with a kingbolt of a wagon, knocked her down, and beat and bruised her badly. Defendant contended that he did not strike Ina Hall, but that his wife, Abbie Hall, inflicted the wounds Ina received. Abbie Hall and other witnesses contradicted this statement of defendant. Defendant interposed a general objection to the evidence of the difficulty with Emmet Hall. The evidence was not patently illegal and incompetent; therefore a general objection was not sufficient.

[2] But the evidence was admissible as part of the res gestæ. The fight with Emmet and the attack upon Ina Hall, occurring at the same time and place, were so intimately connected as to be parts of the same transaction. Dixon v. State, 128 Ala. 54, 29 South. 623.

[3] Mrs. Abbie Hall, a witness for the state, was asked by defendant on cross-examination if she did not state to Erwin Hall at a certain time and place that she struck Ina Hall with a stick on the occasion of the fight between Emmet Hall and defendant, and she answered in the affirmative. On redirect examination the witness was allowed to explain, over the objection of defendant, that he threatened to kill her if she did not make that statement. To refuse to allow her under such circumstances to explain why she made the statement, by relating what the defendant said to her at the time, would violate well-established rules.

"Common justice requires that, first calling her attention to the subject, she should have an opportunity to recollect the facts, and, if necessary, to correct the statements already made, as well as by a re-examination to explain the nature, circumstances, meaning, and design of what she is proved elsewhere to have said." Greenl. Ev. §§ 462, 467; Johnson v. State, 102 Ala. 1, 16 South. 99.

And she may be asked what induced her to make the statement to the defendant. Campbell v. State, 23 Ala. 76; Lewis v. Post, 1 Ala. 69; King v. State, 13 Ala. App. 91, 69 South. 347.

[4] Furthermore it is a well-established rule that, where one party calls for a part of a conversation, it is competent for the other party to call for all that was said in that conversation. Wright v. State, 136 Ala. 146, 34 South. 233. The testimony was properly admitted.

[5] Odell Hall was sworn as a witness for the state, and "defendant objected to this child being allowed to testify as a witness on the ground that she was incompetent on account of her age." The court interrogated the witness as follows:

"Q. What is your name? A. Odell Hall. Q. How old are you? A. Eight years old. Q. Who is your father? A. Emmet Hall. Q. Who is your mother? A. Ina Hall. Q. Who made you? A. God. Q. Have you been to church and Sunday School? A. Yes, sir. Q. Do you know the difference between telling a story and telling the truth? A. Yes, sir. Q. Is it right to tell the truth or a story? A. It is right to tell the truth. Q. Is it right or wrong to tell a story? A. Wrong. Q. Do you know what would happen to you if you told a story? A. Yes, sir; you will go to torment."

In passing on the competency of children as witnesses, much must be left to the sound discretion of the trial judge, "and it is only in strong cases the ruling of the court admitting them as witnesses will be reversed." White v. State, 136 Ala. 58, 34 South. 177; Beason v. State, 72 Ala. 191; Castleberry v. State, 135 Ala. 24, 33 South. 431; McGuff v. State, 88 Ala. 147, 7 South. 35, 16 Am. St. Rep. 25. Upon her examination voir dire, the witness showed that she had received religious instruction sufficient to enable her to understand the obligation of an oath and the consequences of a falsehood, and that she had sufficient intelligence to testify as a witness. Crenshaw v. State, 205 Ala. 256, 87 South. 329. There was no error in permitting the witness to testify.

[6] The trial judge did not err in holding that Cecil Tate, a 12 year old boy, was competent to testify as a witness.

The defendant sought to impeach Abbie Hall, a state's witness, by offering to show that she had made a certain statement, which she admitted on cross-examination she did make. There was no controversy as to what she said. She did not deny the statement attributed to her; on the contrary, she admitted it was made in the exact words of the predicate laid.

[7] It is permissible to attack the credibility of a witness by showing that at another time and place she made a statement which was inconsistent with, or contradictory to, the testimony which she has given on the trial of the case. But it was not error for the trial court to refuse to allow witness for defendant to testify, for the purpose of impeaching a state's witness, that she made a statement at another time and place, which was not denied by the witness sought to be impeached, which was not inconsistent with the statement made on the trial, and which was distinctly admitted by such witness to have been made by her at the time and place inquired about. The statement proposed to be proven and the statement of the witness were identical, and not contradictory. 40 Cyc. p. 2687, D.

There is no merit in any of the exceptions to the evidence reserved by the defendant. The record fails to disclose any error, and the judgment of the circuit court is affirmed.

Affirmed.