(122 So. 296)

## WALDING v. STATE. (4 Div. 498.)

Court of Appeals of Alabama. April 9, 1929.

Rehearing Denied May 14, 1929.

Lee & Tompkins, of Dothan, and Chas. O. Stokes, of Ozark, for appellant.

186

Charlie C. McCall, Atty. Gen., and Sollie & Sollie, of Ozark, for the State.

RICE, J. Appellant, with his stepfather, Ben Smith, was alleged to have been involved in a fight with Arthur Kelley and Amos Windham, in which fight both Windham and Kelley were killed.

Appellant was tried under an indictment charging the offense of murder in the first degree; the said indictment charging, in substance, that he "unlawfully, and with malice aforethought killed Arthur Kelley, by shooting him with a gun or pistol," etc. He was convicted of the offense of murder in the second degree, and given a sentence to serve imprisonment in the penitentiary for a term of ten years.

Ben Smith had been put on trial some time previous to the time of the trial of appellant. Obviously the testimony on the two trials had many points of similarity. No discussion of the testimony on this trial will be indulged in here further than becomes necessary in order to illustrate what we have to say.

One Howard Kelley was examined as a witness on behalf of the state on the trial of appellant, as he had been previously so examined on the trial of Ben Smith. On this trial, after the cross-examination of this witness by appellant, the state was permitted, over timely objection, and proper exception reserved, to ask this witness, on his redirect examination, several questions, of a nature of which the two following are fair samples:

"On the other examination, wasn't this question asked you by Mr. Lee, on cross-examination, 'How far were the cars apart when they stopped?' Answer: 'Something like eight steps.'"

And, "Was that question (the one just quoted) asked you, and did you make that answer?"

In all the rulings allowing the questions mentioned, there was prejudicial error.

The manifest purpose of all the testimony so elicited was to corroborate the witness, or bolster up his instant testimony, by showing by him that he had given prior, not inconsistent, testimony on the same matters. This is never permissible. Jones v. State, 107 Ala. 93, 18 So. 237; Long v. Whit, 197 Ala. 271, 72 So. 529; and numerous other cases that might be cited.

It was prejudicial error to allow, over, of course, proper objection, the testimony on behalf of the state as to Amos Windham and Arthur Kelley having "searched a car of negroes" some time prior to the time, but on the same day, of the fight in which Windham and Kelley were killed, this because, in the state of the record, such testimony appears to be entirely irrelevant; there being no testimony tending to show any connection between the said "negroes" and appellant or Ben Smith. It is easy to see, by an examination of the record, how this testimony, in this case, was highly prejudicial.

None of the other questions apparent from the record involve other than principles of law often discussed, and well defined, by the adjudicated cases. They will not likely arise in their present form, on another trial.

Since the judgment here appealed from must be reversed on account of the errors above pointed out, and since the testimony is in conflict, we have thought it unwise to discuss same in any way.

Reversed and remanded.