(125 So. 64)

### SMITH v. STATE. (4 Div. 617.)

Court of Appeals of Alabama. Dec. 10, 1929.

Chas. O. Stokes, of Ozark, and Lee & Tompkins, of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This is a companion case to that of Huey Walding v. State, 122 So. 296.[1] This appellant and said Walding were jointly indicted for the offense here complained of, and, from the judgment of conviction, this appellant appealed. The trials were had separately.

The indictment charged murder in the first degree, and appellant strenuously insists that the necessary preliminary orders were not made as required by section 8644 of the Code 1923. It is here contended that the "order" as made by the trial court (1) "does not set the day for the trial of the cause;" (2) "does not name the number of jurors to constitute the special venire;" (3) "nor does it set out the number drawn from the jury box which, along with the regular jurors, shall constitute the special venire for the trial of the case." It is also insisted that the purported special venire served on defendant "contained two certain named persons, to wit, Edger Price and Calvin Hagler, and that the persons who were served and appeared in court as jurors on this venire were one Edgeworth N. A. Price and one Colon Hagler." These alleged omissions and discrepancies are properly raised, but from our viewpoint need not be discussed, as this appeal must be sustained and the judgment of conviction reversed because of other rulings of the court similar to those in the Walding Case, supra. The accused having by the effect of the jury's verdict been acquitted of the capital offense charged in the indictment, he consequently cannot again be tried upon that charge, and the points of decision involved upon the rulings of the court pertaining to the preliminary orders required by section 8644 of the Code 1923 may properly be termed functus, as no such orders upon another trial of this case will be required. We therefore refrain from a discussion of the merits of the several insistences in this connection.

As stated, this cause must be reversed upon the authority of Walding v. State, supra, as the identical points of decision which necessitated a reversal of the Walding Case (Ala. App.) 122 So. 296,[1] are presented for our consideration in the case at bar. The rulings of the trial court in this regard were in allowing the state, over the timely objection and exception of defendant, to prove by its witnesses certain transactions and facts between the deceased and a "car of negroes" some appreciable length of time before the difficulty here complained of, and this without showing any connection therewith by this accused. It was held in the Walding Case that these rulings were highly prejudicial and constituted reversible error. We must so hold here.

■ Other questions are presented. Should these, or any of them, arise again upon another trial, they may be adjudged without error by the lower court, as simple propositions of law only appear to be involved. We therefore refrain from a discussion of the questions, as no good purpose could be subserved by so doing.

Reversed and remanded.

