(125 So. 790)

## SAVAGE v. STATE. (3 Div. 653.)

Court of Appeals of Alabama.  Jan. 21, 1930.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.  The indictment in this case charged this appellant with grand larceny in the first count; and with buying, receiving, or concealing stolen property, etc. (felony), in the second count.

The personal property in question, in each count, is alleged as 50 pairs of stockings of the value of $75, and in each count of the indictment the ownership of this property is laid in the *Railway Express Agency, Incorporated,* a corporation.  No demurrer or other objection was interposed to the indictment, and issue was joined thereon upon the defendant's plea of "not guilty."

■ This plea of the defendant cast upon the state the burden of proving every material averment or allegation in the indictment, and, as in all criminal cases, the measure of proof necessary to a conviction, the allegations or averments aforesaid, must be proven beyond all reasonable doubt and to a moral certainty.

■ Upon examination it is ascertained that upon the trial of this case no evidence was adduced to sustain the allegation in the indictment as to the ownership of the property as laid in each count.  The indictment, in both counts, alleged that the property in question, to wit, 50 pairs of stockings, was the personal property of the *Railway Express Agency, Incorporated.*  Upon the trial the only evidence adduced as to the ownership of the property was that it belonged to or was the property of the *Railway Express Company.*  Thus it appears that a fatal variance in these allegations, and the proof offered in support thereof, is clearly apparent, for by no intendment or construction could it be said that the name *Railway Express Agency, Incorporated,* as stated in the indictment, is the same as *Railway Express Company,* as shown by the only proof offered upon the trial.  This manifest and patent variance in the *allegata* and *probata* entitled the defendant to the general affirmative charge, which was requested in writing by the defendant and refused.

■■ It was also error for the court to refuse charge 3 requested by defendant.  The charge requested is as follows: "3. I charge you, gentlemen of the jury, that evidence of defendant's good character, taken in connection with the other evidence in the case may be sufficient to generate a reasonable doubt of defendant's guilt requiring his acquittal." This charge was not abstract, as there was evidence on the trial of the defendant's good character.  In all criminal prosecutions, ei-

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Warren S. Reese, Jr., of Montgomery, for appellant.

ther for a felony or a misdemeanor, the previous good character of the accused is matter of legal evidence for him, and such evidence may generate a reasonable doubt of guilt entitling him to an acquittal. Newsom v. State, 107 Ala. 133, 18 So. 206. This was the purport of charge 3 above quoted. Charges of this import have been many times approved by the appellate courts of this state. Felix v. State, 18 Ala. 720; Rosenbaum v. State, 33 Ala. 364; Dupree v. State, 33 Ala. 388, 73 Am. Dec. 422; Hall v. State, 40 Ala. 707; Smith v. State, 47 Ala. 546; Fields v. State, 47 Ala. 608, 11 Am. Rep. 771; Carson v. State, 50 Ala. 138; Drake v. State, 51 Ala. 33; Eiland v. State, 52 Ala. 334; Goldsmith v. State, 105 Ala. 12, 16 So. 933; Taylor v. State, 149 Ala. 32, 42 So. 996; Bryant v. State. 116 Ala. 445, 23 So. 40; De Wyre v. State, 190 Ala. 1, 67 So. 577; McHan v. State, 20 Ala. App. 117, 101 So. 81.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.