31 So.2d 593

## WEAVER v. STATE.
### 6 Div. 428.

Court of Appeals of Alabama.
May 27, 1947.

Rehearing Denied June 30, 1947.

Beddow & Jones, Roderick Beddow, and G. Ernest Jones, Jr., all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State, for appellee.

HARWOOD Judge.

This appellant was indicted and tried for rape. A jury found him guilty of assault with intent to commit rape. The court fixed his punishment at imprisonment in the state penitentiary for a term of twenty years.

The young lady who was the victim of appellant's assault, who for convenience will hereafter be referred to as the prosecutrix, and the appellant had never known each other prior to the night of the assault. They were introduced by mutual friends of each, and joined two other couples apparently for an evening of dancing. The party set out in two automobiles, and after one or two efforts the male members finally procured a quart of whiskey which they carried to the Ironwood Inn on the Leeds Highway. At this inn they danced and some of the party drank whiskey, though it appears that the prosecutrix refused all alcoholic drinks. When they left the Ironwood Inn the party divided and the prosecutrix and appellant departed in appellant's car, agreeing to rejoin the other group in a downtown restaurant in Birmingham. On the way to Birmingham appellant turned off the main highway to take a short cut to the city. After driving on this short cut road awhile it appeared not to be the right road, and appellant turned around. From this point on the testimony of the prosecutrix is in irreconcilable conflict with that of the appellant.

The prosecutrix testified that after turning around appellant stopped the car, closed all its windows, and after beating her into submission forcibly ravished her on the front seat of the automobile.

The appellant claims that after stopping the car he and the prosecutrix engaged in some petting, and that prosecutrix became angry because of an incident of this petting, and slapped him, and that he slapped her twice in return.

Appellant denies that he had intercourse with the prosecutrix.

The testimony of Dr. S. M. Somerset who examined the prosecutrix early on the morning after the assault tends to corroborate the prosecutrix as at this time the doctor found both eyes discolored and swollen, the left being in worse condition. Her lips were swollen and bruised, and her neck had bruises on it; one shoulder was sore and painful, and one ankle was sprained. There were scratches on her hips, and the vulva of the vagina had a bruised and bleeding area. Microscopic examination revealed spermatozoa in the vaginal canal.

The above constitutes only a thumbnail sketch of the evidence presented. We have refrained from further detailing of the evidence because in our opinion certain rulings as to evidence admitted in the trial below necessitates a reversal of this case.

During the cross examination of the prosecutrix appellant's counsel, for the alleged purpose of testing her recollection, addressed several questions to her pertaining to her testimony in the preliminary hearing of this cause.

The witness either answered she had so testified, or that she did not recall whether a certain question had been asked on the preliminary.

Counsel for appellant then asked the following question: "Isn't it a fact that the first you ever knew there were any runs or tears in your clothing was when the officers told you?" To this question the witness answered "No; that is not correct." She was then asked if she had not so testified at the preliminary hearing, to which she replied she did not remember so testifying. Such answer was a sufficient predicate for impeachment. However, later in the cross examination the record shows the following:

"Q. I will ask you if on the preliminary trial on the 5th day of August, if you remember me asking you this question or this in substance, referring to your step-ins or slip, 'No parts were torn, were they,' and if you didn't reply 'I couldn't say; all I know, the detectives saw them and said they had little runs or something?' Do you remember testifying that?

"Mr. Deason: We want her to refresh her recollection. He is asking her something from this transcript.

"Mr. Beddow: No, I am refreshing her recollection.

"Mr. Deason: He is reading from a transcript.

"The court: She has a right to see the transcript.

"(Mr. Beddow here shows the transcript to the witness and points to the question and answer he is referring to.)

"Mr. Deason: Read the question. (Question read by reporter.)

"Q. Just answer that 'Yes' or 'No,' please. A. I am vague about it. I remember now.

"Q. You remember now?

"The Court: You say you remember saying that?

"The Witness: Yes. I didn't until I looked at this.

"Q. Yesterday afternoon you denied that you said that, didn't you? A. Like I said, I am refreshing my memory now."

The above effectively destroyed the predicate for impeachment previously established.

The appellant's counsel did not at any time attempt to impeach this witness as to her testimony at the preliminary hearing, and did not attempt to introduce any portion of the transcript of testimony of such hearing.

On redirect examination of the prosecutrix the solicitor then began to question her as to whether she had not made certain answers to questions propounded her at the preliminary hearing. Objections were timely imposed by appellant. The court after inquiring "Is that the official transcript of the testimony on the preliminary?", and being informed by the solicitor that it was, overruled the objection.

Thereafter, over the objection of appellant's counsel, and exceptions, the solicitor asked the prosecutrix if certain questions had not been propounded to her and if she had not made certain answers, to which the witness replied in the affirmative.

In our opinion the above rulings compel a reversal of this case as it is well established by the decisions of this State that a party cannot offer previous statements of testimony of his own witness for the purpose of bolstering or corroborating his testimony. Green v. State, 233 Ala. 349, 171 So. 643; Walding v. State, 23 Ala.App. 185, 122 So. 296, and numerous other cases that might be cited. See Ala. Dig. Witnesses, ☞414(2).

Counsel for appellant argues strenuously in his brief that the trial court erred in denying appellant's motion that members of his family (father and mother) be permitted to remain in the court room after the trial court had ordered the court room cleared of all persons during the testimony of the prosecutrix except those necessary to the trial.

Appellant contends that such action deprived him of a public trial guaranteed by the Fourteenth Amendment to the Federal Constitution and Section 6 of the Constitution of Alabama of 1901.

In this connection consideration must also be given to Section 169, Article VI, of the Constitution of Alabama 1901, which is as follows:

"In all prosecutions for rape and assault with intent to ravish, the court may, in its discretion, exclude from the court room all persons, except such as may be necessary in the conduct of the trial."

After denying appellant's motion that his close relatives be permitted to remain in the court room, the court stated: "This is a matter of law that I have to do this; the law provides it."

From the wording of Section 169, supra, it is clear that it is purely discretionary with the trial judge as to whether the court room be cleared in rape and assault with intent to rape cases, and not mandatory.

It is also clear that the purpose of Section 169, supra, was to empower a trial court, in the type of cases mentioned in Section 169, to restrict, in the interest of public morality, attendance at trials of a salacious nature. The section is aimed at curiosity seekers who may be drawn to the court room because of the nature of the ensuing trial. Close relatives of an accused are not in this category.

We express no opinion as to whether the action of the trial court in excluding the parents of the accused from the court room during a part of the proceedings as parties not necessary to the trial was not technically within the discretionary power granted him under Section 169, supra.

However, in our opinion a more harmonious reconciliation of Sections 6 and 169 of the Alabama Constitution would result, and the purpose and spirit of each section would be better served if, in such cases as this, close relatives of an accused were not excluded from the court room.

We will not write to several other points argued by appellant's counsel as constituting reversible error, it appearing highly unlikely that such situations will recur in another trial of this case.

Reversed and remanded.