57 So.2d 643

### LAWSON v. STATE.
### 4 Div. 176.

Court of Appeals of Alabama.
March 13, 1952.

[1] Ante, p. 301.

W. R. Martin, Ozark, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding judge.

The indictment in this case charges murder in the second degree. The trial resulted in a conviction of the same offense and the imposition of a sentence of ten years imprisonment.

On the occasion of concern the appellant, age 17, and two of his brothers, ages 15 and 21, were walking together across a farm field en route to their home. The accused cut his twenty-one year old brother with a pocket knife. The injured person died on account of excessive bleeding from one of these wounds.

The county coroner testified that he found four knife or sharp instrument cuts on the left leg of the deceased. One of these was rather deeply inflicted and the others were only scratches.

The arresting officer testified that he located the appellant at a place about three or four miles from the scene of the homicide. The officer also testified that the accused made a statement to him at that time. In this aspect the record discloses:

"Q. What did he say? A. I asked him if he knew he had killed him, and he said, yes, and I asked him what he cut him with, and he said a knife, and I asked him for his knife or where it was, and he said he throwed it down in the field and never was able to find it."

The above contains all that the appellant said.

The State rested its case after the introduction of the two indicated witnesses.

The defendant testified in his own behalf. The substance of his testimony was that he and his deceased brother were play-

fully attempting to demonstrate the methods of defense against physical attacks and while the demonstrations were in progress he accidentally and unintentionally inflicted the knife wounds. His version of the affray was supported by the testimony of L. C. Lawson, his other brother who was present.

It appears that L. C. made a statement to the officers soon after the homicide. This was reduced to writing. This account was not in accord with L. C.'s testimony at the trial. It disclosed facts and circumstances which, if accepted, would have sustained the judgment of conviction.

On cross examination this entire statement was read to L. C. He admitted signing it, but he stated that he did not remember relating to the officers the facts set out in the written document.

■ At the time the taking of the testimony was closed according to the announcements of the attorneys, the solicitor had not introduced the indicated statement in evidence. Over the objection of appellant's attorney the court allowed the belated introduction. Clearly, this action addressed itself to the sound discretion of the trial judge. We do not find any abuse appearing from the record.

We are confronted with the task of determining whether the evidence is sufficient to support the judgment of conviction, that is, murder in the second degree. This review is invited by the request for the general affirmative charge as to this degree of unlawful homicide and the motion for a new trial.

It is convincingly clear that without the acceptation of the contents of the written statement as proof of independent, cumulative or original evidence of facts, the judgment below cannot stand. We do not think that any discussion is required to illustrate this view.

We come, therefore, to consider the purpose and purport of the written statement in the factual proceedings.

■ It is permissible and proper to attack the credibility of a witness by showing that at a previous time and place he made a statement which was out of accord with the testimony he gave at the instant trial.

■ It may be noted that, before this prior contradictory character of evidence is admissible, the witness involved must either deny he made the previous statement or testify that he does not remember making it. Hall v. State, 19 Ala.App. 229, 96 So. 644; Raines v. State, 147 Ala. 691, 40 So. 932; Weaver v. State, 33 Ala.App. 207, 31 So.2d 593; Green v. State, 233 Ala. 349, 171 So. 643; Bigham v. State, 203 Ala. 162, 82 So. 192.

In the early case of Kennedy v. State, 85 Ala. 326, 5 So. 300, the trial judge orally charged the jury that the transcribed testimony of a witness taken at the preliminary proceedings could be considered for impeachment purposes but could not be accepted or treated as original evidence of the facts of the case. The Supreme Court approved this instruction.

In the case of Manning v. State, 217 Ala. 357, 116 So. 360, the Supreme Court held in effect that the transcript of former testimony or statement of a witness could only be accepted for the purpose of testing the recollection of the witness or for impeachment but not as original evidence of facts.

The court further observed that the place such evidence had in the trial should be explained and made plain to the jury.

See also, Falkner v. State, 151 Ala. 77, 44 So. 409; Thomas Furnace Co. v. Carroll, 204 Ala. 263, 85 So. 455; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Redus v. State, 243 Ala. 320, 9 So.2d 914; Brown v. State, 31 Ala.App. 233, 14 So.2d 596.

■ By applying the above doctrine, to sustain the judgment of conviction we have only the proof of the corpus delicti and the scant, inculpable statement of the accused. The other evidence, as we have pointed out, does not afford a reasonable inference that the homicide was committed under such circumstances as to constitute the offense of murder in the second degree.

The judgment below is ordered reversed, and the cause remanded.

Reversed and remanded.