246 So.2d 675

**Robert GRAHAM, alias**

v.

**STATE.**

**3 Div. 15.**

Court of Criminal Appeals of Alabama.

March 30, 1971.

Jerry L. Cruse, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant appeals from a conviction of grand larceny in the Circuit Court of Montgomery County.

The indictment laid the ownership of the property alleged to have been stolen in Weatherly Plumbing Co., Inc., a corporation. State's witness, Hugh D. Weatherly, testified that he was the owner and manager of "The Weatherly Plumbing Company" and that at the time plumbing fixtures and supplies involved in this case were missed from the premises, a small inventory of such supplies was kept there. At police headquarters in Montgomery, Weatherly later identified the property alleged to have been stolen. The only reference in any of the testimony to "Weatherly Plumbing Company, Incorporated" appears in the following testimony of this witness on direct examination:

"Q. * * * Were any of these articles in any boxes or containers or cardboard containers or any kind of container with the name Weatherly Plumbing Company, Incorporated on them?

"A. Yes sir. All of them were. They have my name on them when they are shipped in there."

On further direct examination, the witness continued:

"A. * * * They had my name on them and they were the ones that were missing out of the box.

"Q. And you are positive about that?

"A. Yes sir. I am very positive."

Several other witnesses testified that the boxes of supplies in question had "Weatherly" or "Weatherly Plumbing Company" written on them.

The State's testimony falls short of establishing the legal existence of "Weatherly Plumbing Company, Inc., a corporation," or the ownership of the alleged stolen supplies in said Company.

In prosecution for grand larceny it is encumbent on the State to offer proof of the ownership of the stolen property as laid in the indictment. A failure to do so is a fatal variance in the allegata and probata. Clonts v. State, 42 Ala.App. 287, 161 So.2d 155; Savage v. State, 23 Ala.App. 372, 125 So. 790; Blakeney v. State, 31 Ala.App. 154, 13 So.2d 424.

When the State rested its case the appellant made a motion to exclude the testimony which was overruled by the court and the appellant excepted. He also requested the affirmative charge in writing, which request was refused by the court. In these rulings the court was in error.

In brief the appellant argues that the lower court made certain erroneous statements of law in the oral charge to the jury. No objections were made or exceptions reserved to these statements by the appellant pointing out specifically the alleged erroneous matter.

The Supreme Court in the case of Fuller v. State, 269 Ala. 312, 113 So.2d 153, said:

"If parts of the charge are objectionable, it is incumbent upon the defendant to specifically point out the objectionable parts and to reserve an exception to the trial court's failure or refusal to correct it."

Many cases on this proposition are collected in 6A Ala. Digest, Criminal Law ⊕844(1). The appellant did not comply with this rule at the trial and no error can be taken on appeal on this matter.

Appellant made an offer outside the presence of the jury to show the results of a lie detector test taken by him. The court ruled such evidence inadmissible. In this action, there was no error. Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193, cert. denied 271 Ala. 315, 123 So.2d 203.

The judgment appealed from is therefore due to be reversed and the cause remanded.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Reversed and remanded.