[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1360 
The defendant was convicted of theft of property in the first degree. Alabama Code Section 13A-8-3 (1975). Sentence was eight years' imprisonment.
 I
The indictment charged that the property was owned by "Stewart Auto Supply, Inc." The defendant argues that the State did not prove that Stewart Auto Supply was incorporated.
After chastising the prosecutor for not "tracking" the indictment, the trial judge allowed the State to reopen its case in chief in order to prove that "the outfit is a corporation."
Ellis Murphree was recalled as a witness and testified that he owned one-half of the shares of stock in a business incorporated as "Stewart Auto Supply, Incorporated" and that it was incorporated "in '81." He then stated that his place of business in August of 1981 was in Cullman County. The theft occurred on August 10, 1981.
In a prosecution for theft it is "incumbent on the State to offer proof of the ownership of the stolen property as laid in the indictment. A failure to do so is a fatal variance in the allegata and the probata." Graham v. State, 46 Ala. App. 608,609, 246 So.2d 675 (1971) (no proof that "Weatherly Plumbing Co." was actually "Weatherly Plumbing Co., Inc., a corporation"). "The purpose of alleging (and proving) ownership of stolen goods is twofold: (a) to obviate consent by the rightful owner of the asportation; and (b) to identify the particular occasion to prevent double jeopardy." Gaskin v.State, 42 Ala. App. 310, 311-12, 163 So.2d 220 (1964).
The law is clear in this regard and the only issue appears to be whether Mr. Murphree's testimony was sufficient to prove that Stewart Auto Supply was incorporated. Compare Hearn v.State, 158 Ala. 47, 48 So. 344 (1909) (indictment alleging property owned by Montgomery Street Railway, a corporation, and proof showing that it was owned by Montgomery Traction Company "and there was nothing to show a connection between the two");Savage v. State, 23 Ala. App. 372, 125 So. 790 (1930) (indictment alleging Railway Express Agency, Inc. and proof showing Railway Express Company).
Here, the State proved that Stewart Auto Supply was incorporated. Since the defendant did not file a sworn plea under Section 12-21-201, Alabama Code 1975, he could not contest the existence of that corporation.
 II
The stolen property was adequately identified even though many of the items were not separately marked for identification and did not have a unique and individual character. The property involved in this case consisted of miscellaneous auto parts such as oil, grease, filters, points, hoses, belts, fuses and batteries. Mr. Murphree identified the items recovered as the same items taken in the theft. His identification was sufficient. Freeman v. State, 46 Ala. App. 640, 641,247 So.2d 682 (1971). The question of identity involved in this case is a common one where the stolen goods are fungible items.
Although the property must be identified by the most direct and positive testimony of which the case is susceptible, Haunv. State, 44 Ala. App. 675, 678, 219 So.2d 906 (1969), "(w)hat is sufficient may depend, however, on the nature of the thing taken and the circumstances of the particu- *Page 1361 
lar case, and what evidence constitutes an identification is generally a matter for the jury." 50 Am.Jur.2d Larceny, Section 158 (1970). Identity may be established by circumstantial evidence. Harper v. State, 389 So.2d 184, 185 (Ala.Cr.App. 1980). Correspondence between the amount, kind and nature of the property stolen with similar characteristics of the property found may supply the necessary identification. 50 Am.Jur.2d Larceny at Section 158.
 "Identity may be established by the testimony of the owner of the goods that the articles found in the possession of accused, where they have no earmarks to identify them, are of the same brand and character as the stolen goods, and that, from their brand, character, and appearance, he believes them to be the property stolen from him, especially where many different articles of various kinds, brands, and sizes were stolen, and articles similar in make, brand, character, and appearance to the stolen ones were found in the recent possession of accused."
Evidence that the goods recovered were similar in kind, quantity and character to the stolen property may provide sufficient evidence of identification to create a jury question. Bills v.State, 49 Ala. App. 726, 728, 275 So.2d 706 (1973).
 III
Evidence of the defendant's possession of property recently stolen was sufficient to corroborate the testimony of the accomplices. Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, Ex parte Andrews, 370 So.2d 323 (Ala. 1979).
 IV
The State made out a prima facie case of theft in the first degree. Since the defense was alibi, the defendant was not entitled to instructions on lesser included offenses. Thomas v.State, 418 So.2d 921, 922 (Ala.Cr.App. 1982). There was no rational basis for a verdict convicting the defendant of any included offense. Alabama Code Section 13A-1-9 (1975).
 V
The appellate courts of this state have recognized that one accused of a crime may show his innocence by proof of the guilt of another, provided that the evidence relates to the res gestae of the offense and exonerates the accused. Allen v. State,382 So.2d 1147, 1156 (Ala.Cr.App.), cert. denied, Ex parte Allen,382 So.2d 1158 (Ala. 1980). See also Underwood v. State, 239 Ala. 29,193 So. 155 (1940); Renfroe v. State, 382 So.2d 627
(Ala.Cr.App.), cert. denied, 382 So.2d 632 (Ala. 1980). This rule is clarified in C. Gamble, McElroy's Alabama Evidence, Section 48.01 (3rd ed. 1977).
 "A careful analysis of all the pertinent decisions will reveal that the true test of whether evidence of another's guilt is admissible lies within the sound discretion of the trial judge. A particular fact or collection of facts indicating guilt of one other than the accused is admissible if, but only if, the deciding authority, in the light of his own experience, feels that the whole of the offered evidence tending to show another's guilt is worth considering. It is quite clear, on the other hand, that the whole or totality of the evidence offered as tending to show another's guilt need not be of such strength as to warrant a finding of such other's guilt." McElroy's, Section 48.01 (1).
Generally, an accused may not prove that another planned, designed or threatened to commit the crime for which he is charged unless there is evidence in addition to the evidence of the plan or threat "pointing with strength" to such other's guilt. McElroy, Section 48.01 (6).
Under this rule the trial judge did not abuse his discretion by preventing the defendant from proving that Donald Wayne Griffin, an admitted accomplice, had previously burglarized Stewart Auto Parts. "Even though the accused offers sufficient and proper evidence of another's guilt to render it admissible, such evidence may still, within the discretion of the trial court, be held inadmissible upon the ground of its being too remote from the crime in question." McElroy, Section 48.01 (12). *Page 1362 
 VI
The trial judge did not err by refusing to allow the defendant to reopen his case and impeach witness Delbert Copeland by showing that he had a prior conviction for receiving stolen property.
After both sides rested their case, the trial was recessed for the evening. The next morning, defense counsel requested that he be allowed to reopen his case because during the night he had learned "one of the State's witnesses" had a previous felony record for receiving stolen property. The trial judge denied the motion with the remark: "As I recall three of the State's witnesses . . . admitted prior felony convictions. I will charge in this area."
The defendant now argues, apparently for the first time, that witness Copeland was the only State witness who could possibly connect the defendant with the stolen property and (1) who was not an admitted accomplice and (2) who had not already been impeached with a prior felony conviction.
Permitting a defendant to reopen his case after both sides have rested in order to impeach a State witness is within the sound discretion of the trial judge. Vann v. State, 140 Ala. 122, 125,37 So. 158 (1904); Gwin v. State, 425 So.2d 500, 509 (Ala.Cr.App. 1982); Baxter v. State, 360 So.2d 64, 66 (Ala.Cr.App. 1978);Lawson v. State, 36 Ala. App. 438, 440, 57 So.2d 643 (1952); Alabama Code Section 15-14-4 (1975). Because there is nothing in the record (i.e., an offer of proof) to support the contention made on appeal that the defense wanted to reopen its case to impeach a witness who had not already been impeached, we find no ground for a reversal of conviction.
 VII
Also argued for the first time on appeal is the contention that the trial judge erred in allowing the State to present evidence concerning flight because there is no evidence to show that the defendant fled from prosecution for the particular charge for which he was being tried and not from some other offense.
This argument is speculative and not supported by the record. This objection was not made at trial and therefore is not available on appeal. A specific ground of objection constitutes a waiver of other grounds not specified. Cook v. State,384 So.2d 1158, 1160 (Ala.Cr.App.), cert. denied, Ex parte Cook,384 So.2d 1161 (Ala. 1980).
The judgment of the circuit court is affirmed.
AFFIRMED.
De CARLO, P.J., and TYSON and HARRIS, JJ., concur.