The defendant was indicted and convicted for the grand larceny of five calves belonging to Harold C. Bryan. Sentence was ten years' imprisonment. On appeal the defendant contends that the evidence is insufficient to support the jury's verdict because: (1) The only evidence of the identity and ownership of the stolen calves was based on hearsay testimony and (2) the circumstantial evidence did not exclude to a moral certainty every reasonable hypothesis but that of guilt.
We find that the evidence of the defendant's guilt is substantial and certainly sufficient to support the verdict.
 I
Beyond question, the State proved that the cattle stolen belonged to Harold C. Bryan through his own testimony.
 "Q. You could tell, in your own mind, what particular five were missing?
"A. Right, they was bull calves.
"Q. Did you later see these calves?
"A. Yes, sir.
"Q. And, where did you see them?
"A. Meridian Stockyard.
"Q. And, when was that?
 "A. The same day about one o'clock or a little before."
Langford Stephens is a Livestock Theft Investigator for the State of Alabama. His testimony was without objection.
 "Q. Were you there when Mr. Bryant came to the stockyard?
"A. I was.
"Q. Did he identify these cattle?
 "A. He did. He identified it as the calves he had in that pen on a Sunday. The last time he saw them was on a Sunday."
From this testimony, it is clear and certain that the State proved the identity and ownership of the stolen property.
 II
This was a strong case of circumstantial evidence.
The State proved that five calves belonging to Mr. Bryan were stolen and that these same five calves were later found in The Meridian (Mississippi) Stockyard. Two witnesses who worked in the stockyard testified that these same five cattle were brought to the stockyard by the defendant. These witnesses were absolutely positive in their identification of the defendant.
The unexplained possession of recently stolen property is a fact from which the jury may infer the defendant's guilt.Bryant v. State, 116 Ala. 445, *Page 186 23 So. 40 (1898); Jones v. State, 373 So.2d 1221 (Ala.Cr.App.), cert. denied, Ex parte Jones, 373 So.2d 1225 (Ala. 1979).
The fact that the defendant and his brother bore a striking resemblance to each other presented a jury question on the identity of the thief. Aaron v. State, 271 Ala. 70,122 So.2d 360 (1960). A jury question is always presented where there is a conflict between the State's case and the defendant's alibi.Crow v. State, 365 So.2d 1254 (Ala.Cr.App. 1978), cert. denied,365 So.2d 1256 (Ala. 1979).
We have searched the record for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.