The appellant, Isaac Sanders, was convicted of theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama 1975. He was sentenced to three years in prison.
The state's evidence tended to show that on the morning of October 19, 1990, it was discovered that 40 or 41 bags of chemicals were missing from the old Newbern school building in Newbern, Alabama. At the time, Dombhart Catfish Supply was using the building for storage; 18 bags of copper sulfate, 15 bags of sodium bicarbonate, and 7 or 8 bags of lime were inside the building. These chemicals were used to treat the catfish ponds.
Phillip Rushing, an employee of Dombhart, testified that on October 18, 1990, he was unloading these bags of chemicals and putting them inside the building when a two-tone Ford truck drove into the area where he was loading. Rushing identified the appellant as the driver of the truck. Rushing also stated that no one other than Dombhart employees had any reason to be in the area. Rushing testified that he asked the appellant if he needed any help and that the appellant said that he was just turning around. When Rushing came back to the building the next morning, he discovered that the back door to the building had been kicked open and that the bags of chemicals were missing. Lime was on the floor and footprints led to the opened back door. Rushing said that he notified Jerry Sexton, the owner of Dombhart, and that he also notified the police.
Sexton testified that several hours after the theft, he was driving around the area searching for the two-tone truck, when he discovered what he believed to be the truck parked in front of a mobile home. Sexton said that he went to the truck and that he saw bags of chemicals in the bed. He quickly counted them and noted that they corresponded to the number of bags taken from the Newbern school building. Sexton said that he then returned to his truck and used his two-way radio to call his wife and ask her to call the police. The appellant and another man came out of the mobile home, got into *Page 1262 
the appellant's truck, and drove away. Sexton testified that he started to follow them and that shortly thereafter the police arrived and talked with the appellant, who had stopped his truck in the road.
Sheriff Larry Johnson of Hale County testified that the appellant told him that he had gotten the chemicals from an old building in Newbern. He also said that Sexton had told him that the bags in the truck that was parked in front of the mobile home were the ones taken from the school building. At trial Sexton further testified that the copper sulfate was valued at $30 a bag, the sodium bicarbonate at $10 a bag, and the lime at $3-$4 a bag.
 I
The appellant initially argues that there was insufficient evidence to find him guilty of stealing the bags of chemicals because, he says, they were not adequately identified as the ones taken from the school building. We do not agree.
As Judge Bowen stated in Alldredge v. State, 431 So.2d 1358
(Ala.Cr.App. 1983):
 "Although the property must be identified by the most direct and positive testimony of which the case is susceptible, Haun v. State, 44 Ala. App. 675, 678, 219 So.2d 906 (1969), '(w)hat is sufficient may depend, however, on the nature of the thing taken and the circumstances of the particular case, and what evidence constitutes an identification is generally a matter for the jury.' 50 Am.Jur.2d Larceny, Section 158 (1970). Identity may be established by circumstantial evidence. Harper v. State, 389 So.2d 184, 185 (Ala.Cr.App. 1980). Correspondence between the amount, kind and nature of the property stolen with similar characteristics of the property found may supply the necessary identification. 50 Am.Jur.2d Larceny at Section 158.
 " 'Identity may be established by the testimony of the owner of the goods that the articles found in the possession of accused, where they have no earmarks to identify them, are of the same brand and character as the stolen goods, and that, from their brand, character, and appearance, he believes them to be the property stolen from him, especially where many different articles of various kinds, brands, and sizes were stolen, and articles similar in make, brand, character, and appearance to the stolen ones were found in the recent possession of accused.'
 "Evidence that the goods recovered were similar in kind, quantity and character to the stolen property may provide sufficient evidence of identification to create a jury question. Bills v. State, 49 Ala. App. 726, 728, 275 So.2d 706
(1973)."
431 So.2d at 1360-61. We decline to hold that items such as those involved in this case, which "have no earmarks to identify them," can never be the subject of stolen property. We agree with the Virginia Court of Appeals which stated: " 'When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required.' [Henderson v. Commonwealth, 215 Va. 811], 813, 213 S.E.2d [782] 783 [(1975)]." Wright v. Commonwealth, 2 Va. App. 743,348 S.E.2d 9, 12 (1986). The number of bags recovered from the appellant's truck did differ from the number of bags taken from the school building by two or three bags. However, this fact alone was not fatal to the prosecution.
The evidence presented in this case presented a jury question as to whether the items recovered from the appellant's truck were in fact the same items taken from the school building. The jury chose to resolve that question against the appellant, and it found him guilty. We see no reason to disturb that verdict on appeal.
 II
The appellant next argues that the trial court erred in allowing the prosecutor to ask an allegedly impermissible question during the voir dire of the jury. The following occurred:
 "[Prosecutor]: Now, getting a little more personal, have any of you ever had this experience: Have either you yourself, a family member of yours, or have you had a close personal friend that has ever suffered *Page 1263 
at any time from what you consider to be a drug or alcohol problem? I'm not —
 "[Defense counsel]: I object to that. Excuse me. I object to this. This is a theft charge. I don't know what drugs has got to do with it.
"The Court: Overruled.
". . . .
 "[Prosecutor]: What I want to know is, have either you yourself, or have you had a family member, or have you had a close friend who has ever suffered from what you considered to be a drug or alcohol problem? Maybe it was a family member and they never thought they had a problem but you felt like they did and you had that experience in dealing with someone like that."
The appellant argues that the above question was asked solely for the purpose of biasing the prospective jurors against the appellant and that, therefore, he is entitled to a new trial.
Rule 18.4(c), A.R.Crim.P., states: "The court shall permit the parties or their attorneys to conduct a reasonable examination of prospective jurors." Rule 18.4(d), states: "Void dire examination of prospective jurors shall be limited to inquiries directed to basis for challenge for cause or for obtaining information enabling the parties to knowledgeably exercise their strikes."
The trial court has considerable discretion in "insur[ing] an unbiased jury." Motes v. State, 356 So.2d 712 (Ala.Cr.App.), writ denied, 356 So.2d 720 (Ala. 1978). Counsel questioning the prospective jurors is given the right to question the jurors as to any matter that "might aid him in the intelligent exercise of his right to peremptory challenges. Dyer v. State, 241 Ala. 679, 4 So.2d 311 (1941)." Alabama Power Co. v. Bonner,459 So.2d 827, 832 (Ala. 1984), overruled on other grounds, Cooperv. Bishop Freeman Co., 495 So.2d 559 (Ala. 1986). "The scope of the examination is left largely to the discretion of the trial judge." Bonner, 459 So.2d at 832.
Under the facts of this case, we refuse to find an abuse of discretion in the trial court's allowing the prosecutor to ask the above question. Where the relevancy of a question posed during voir dire examination is not apparent, the trial court should, upon proper motion or objection, outside the presence of the jury, inquire as to how the question relates to counsel's exercise of peremptory strikes. This practice will alleviate overreaching by the prosecutors into areas that have no bearing on the striking of a impartial jury.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.