BOWEN, Presiding Judge.
William Clayton Gorum was convicted of receiving stolen property in the second degree, specifically a gold necklace. His sentence of four years’ imprisonment was suspended and he was placed on probation. This is the direct appeal from that conviction.
I
The appellant argues the evidence was not sufficient to sustain his conviction. Review of the record on appeal convinces this Court that the question of the appellant’s guilt or innocence was a factual question properly submitted to the jury.
The appellant contends that the State failed to prove that the gold rope chain necklace with a lightning bolt charm found in the defendant’s possession was in fact the same necklace stolen from the victim in a burglary of the victim’s residence. Although the necklace had no serial number or other identifying mark that would make an absolute identification possible, the victim’s mother (who gave her son the necklace) testified that she was able to “recognize” the necklace “because it had the charm on it.” R. 70-71. “It looked the same and I haven’t seen a charm like that before.” R. 78. The 14-year-old victim testified that he was able to identify his necklace and stated, “It was my necklace.” R. 81.
We find that the prosecution presented sufficient evidence to raise an issue of fact for the jury as to the actual identify of the necklace.
“ ‘Although the property must be identified by the most direct and positive testimony of which the case is susceptible, Haun v. State, 44 Ala.App. 675, 678, 219 So.2d 906 (1969), “(w)hat is sufficient may depend, however, on the nature of the thing taken and the circumstances of the particular case, and what evidence constitutes an identification is generally a matter for the jury.” 50 Am.Jur.2d Larceny, Section 158 (1970). Identity may be established by circumstantial evidence. Harper v. State, 389 So.2d 184, 185 (Ala.Cr.App.1980). Correspondence between the amount, kind and nature of the property stolen with similar characteristics of the property found may supply the necessary identification. 50 Am. Jur.2d Larceny at Section 158.
“ ‘ “Identity may be established by the testimony of the owner of the goods that the articles found in the possession of accused, where they have no earmarks to identify them, are of the same brand and character as the stolen goods, and that, from, their brand, character, and appearance, he believes them to be the property stolen from him, especially where many different articles of various kinds, brands, and sizes were stolen, and articles similar in make, brand, character, and appearance to the stolen ones were found in the recent possession of accused.”
“‘Evidence that the goods recovered were similar in kind, quantity and character to the stolen property may provide sufficient evidence of identification to create a jury question. Bills v. State, 49 Ala.App. 726, 728, 275 So.2d 706 (1973).’ *763 “[Alldredge v. State,] 431 So.2d [1358,] 1360-61 [ (Ala.Cr.App.1983) ]. We decline to hold that items such as those involved in this ease, which ‘have no earmarks to identify them,’ can never be the subject of stolen property. We agree with the Virginia Court of Appeals which stated: ‘ “When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required.” [Henderson v. Commonwealth, 215 Va. 811], 813, 213 S.E.2d [782,] 783 [(1975)].’ Wright v. Commonwealth, 2 Va.App. 743, 348 S.E.2d 9,12 (1986).”
Sanders v. State, 641 So.2d 1260, 1262 (Ala.Cr.App.1993).
The appellant also contends that the evidence is insufficient because the prosecution failed to establish that he had knowledge that the necklace was stolen. This argument is without merit.
The State’s evidence showed that the necklace was stolen on November 23, 1992, and that it was found in the possession of the appellant on December 28, 1992. “If a person ... [possesses goods- or property which have been recently stolen ... this shall be prima facie evidence that he has the requisite knowledge or belief [that such goods were stolen].” Ala.Code 1975, § 13A-8-16(b)(2).
II
The appellant asserts that the trial court erroneously permitted the introduction of testimony implicating the appellant in other criminal acts. The appellant complains about testimony “that items stolen from the same owner at the same time that the property described in the indictment was stolen was in the possession of other people that the accused was said to associate with. There was no evidence that the accused had any of the ‘other property in his possession.” Appellant’s brief at 19 (emphasis in original). This argument is without merit. In addition to the necklace, two shotguns were stolen in the burglary. The appellant admitted to an investigating officer “that he went with a friend of his, Roy Doster, to Jimmy Ray Cason’s house and sold the gun to Jimmy Ray Cason.” R. 96. That gun was recovered from Roy Doster’s mother’s house trailer and when it was recovered the appellant’s “name had been scratched into the gun on the stock.” R. 96. That evidence was sufficient to connect the appellant with possession of the other stolen property. “Evidence of accused’s possession of property not described in the indictment but shown to have been stolen from the same owner at the same time that the property described in the indictment was stolen, has been held admissible as a circumstance to which the jury might look in determining guilt or innocence.” C. Gamble, McElroy’s Alabama Evidence § 70.01(23)(b) (4th ed. 1991).
Ill
The appellant claims a violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987).
The prosecutor used five of her eight peremptory strikes to remove black venire-members. In response to the appellant’s Batson motion, the prosecutor argued that “there is a larger percentage of blacks on the jury than there is on the jury venire. A prima facie case has not been shown.” R. 36. The trial judge stated, “There is a substantially higher percentage on the venire than there is on the panel [sic],” and denied the Batson objection. R. 37-38.
In Story v. State, 665 So.2d 961 (Ala.Cr. App.1994), this Court stated:
“The Alabama Supreme Court has expressly disapproved of the dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990), that ‘[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.’ Ex parte Thomas, 659 So.2d 3, 3 (Ala.1994). Therefore, evidence that the prosecutor used large percentages of his peremptory strikes to remove blacks from the venire, even though a greater percentage of blacks sat on the jury than were on the venire, must be considered by the trial court in determining whether the defendant proved a prima facie case of racial discrimination and thereby shifted the bur *764 den to the prosecution to provide reasons for the strikes.
“The trial court’s denial of [the appellant’s] Batson motion seems based at least in part on the dicta in Harrell that is now disapproved. The trial court should have considered evidence that the prosecution used four of its seven strikes to remove blacks from the jury in determining whether [the appellant] proved a prima facie case of racial discrimination. Ex parte Thomas, supra. Therefore, we remand this cause to the circuit court for an evi-dentiary hearing to determine whether [the appellant] established a prima facie case that the State exercised its strikes in a racially discriminatory manner.”
The Alabama Supreme Court issued an opinion in Ex parte Thomas on May 20, 1994. On September 2, 1994, the Supreme Court withdrew the May 20, 1994, opinion and substituted another one. We note that the appellant was tried on February 28, 1994, before the Alabama Supreme Court issued its original opinion in Ex parte Thomas on May 20, 1994. Nevertheless, Thomas controls.
Therefore, we remand this cause to the circuit court for an evidentiary hearing to determine whether the appellant established a prima facie case of racial discrimination by the State in the exercise of its strikes. If the trial court finds that the appellant has established a prima facie case, the State must give its reasons for its strikes. The circuit court is directed to file a return to this Court within 60 days. That return should include any testimony taken, as well as the trial court’s written findings and conclusions.
REMANDED WITH DIRECTIONS.
All Judges concur.